**In re BICOASTAL CORPORATION, d/b/a Simuflite, f/k/a The Singer Company, Debtor.**

**Bankruptcy No. 89–8191–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 1, 1990.

See also, Bkrtcy., 118 B.R. 855, and 117 B.R. 700.

## ORDER ON MOTION FOR RELIEF FROM STAY

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 11 case and the matter under consideration is a Motion for Relief from Stay filed by the United States of America (Government). The Government seeks to have the lawsuit entitled *United States of America ex rel. Taxpayers against Fraud and Christopher Urda v. Link Flight Simulation Corporation, CAE—Link Corporation and The Singer Company,* 722 F.Supp. 1248 (D.Md.1989) excepted from the automatic stay. This cause came on for hearing with proper notice given to all interested parties, and the Court has considered the Motion, together with the record and argument of counsel, and is satisfied that it is appropriate to enter an order denying the Government's Motion.

This Court is satisfied that lifting the stay to permit the Government to proceed on its action in the Maryland District Court would unduly delay the Debtor's reorganization, and it is therefore appropriate that the Motion for Relief from Stay should be denied and the Government's claim should be estimated in this Court.

The Government argues that an action by the Government to establish damages for fraud is an exception to the automatic stay, according to the legislative history of § 362(b)(4) of the Bankruptcy Code. Section 362(b)(4) provides an exception to the automatic stay for the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power. 11 U.S.C. § 362(b)(4). This Court is satisfied, however, that the Government's

action is not a proceeding to enforce its police or regulatory powers; instead, it is a proceeding to seek monetary damages for injuries allegedly caused by the Debtor. Therefore, the Government's action is not excepted from the automatic stay pursuant to § 362(b)(4).

The Government's action against the Debtor was brought under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730. The purpose of the False Claims Act is to provide restitution for the Government, not to punish the wrongdoer or to prevent repetition of fraudulent behavior. *In re Stelweck*, 86 B.R. 833 (Bankr.E.D.Pa.1988). The *Stelweck* court found that the False Claims Act provided "a civil remedy designed to make the Government whole for fraud losses," and that the objective of the False Claims Act was to "broadly protect the funds and property of the Government from fraudulent claims." *Id.*, at 852, *quoting, United States ex rel. Marcus v. Hess*, 317 U.S. 537, 551–52, 63 S.Ct. 379, 387–88, 87 L.Ed. 443 (1943) and *Rainwater v. United States*, 356 U.S. 590, 592, 78 S.Ct. 946, 948, 2 L.Ed.2d 996 (1958).

This Court is satisfied that the claim asserted under the False Claims Act is not a procedure to enforce the Government's police or regulatory powers and, therefore, the automatic stay provided by the Bankruptcy Code applies to the Government's suit against the Debtor. The Government's claim in this case is nothing more than a claim for money damages against the Debtor's estate to be allowed or disallowed by this Court as may appear to be appropriate and, if allowed, treated on par with all other claims of equal rank against the estate of the Debtor. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Relief from Stay filed by the United States be, and the same is hereby, denied.

DONE AND ORDERED.