UNITED STATES of America, ex rel.
Kenneth L. MARCUS, Plaintiff,

v.

NBI, INC., Defendant.

Civ. A. No. 89–1605 (RCL).

United States District Court,
District of Columbia.

Feb. 20, 1992.
Errata Order May 12, 1992.

David H. Shapiro, Kator, Scott & Heller,
Washington, D.C., for Marcus.

James E. Nesland, Ireland, Stapelton,
Pryor & Pascoe, P.C., Denver, Colo., Thomas A. Guidoboni, John T. Brennan, Jr., Bonner & O'Connell, Washington, D.C., for
NBI, Inc.

Michael F. Hertz, Polly A. Dammann,
Michael C. Theis, Civil Div., U.S. Dept. of
Justice, Washington, D.C., for the U.S.

## MEMORANDUM OPINION AND ORDER

LAMBERTH, District Judge.

The current action arises out of an action brought by plaintiff relator Kenneth L. Marcus pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730. The parties to the *qui tam* action reached a settlement agreement on October 31, 1991 and United States received a payment from defendant NBI, Inc. in accordance with the terms of that agreement on November 12, 1991. The case now comes before the

court on plaintiff relator's application pursuant to § 3730(c)(2) [1] for an award against defendant of reasonable attorneys' fees, costs and expenses incurred by relator in connection with the now-settled *qui tam* False Claims Act case.

Defendant contends that relator's application for attorneys' fees, costs and expenses is barred by force of the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a)(1). For reasons discussed below, relator's application is granted.

## BACKGROUND

This is an action brought pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b), by Kenneth L. Marcus (relator). On December 19, 1989, the United States of America, elected to intervene and proceed with the action as provided for in 31 U.S.C. § 3730(b)(4). The United States alleged in this action that NBI failed to disclose commercial price discounts as it was required to do under a contract with The General Services Administration (GSA). NBI entered into a multiple award schedule contract with GSA for the sale of computers and computer services. The contract required NBI to disclose any discounts granted to commercial customers during the course of performance of the contract over and above the discount negotiated with GSA. Kenneth Marcus, who is a former NBI employee, informed GSA that NBI had entered into an agreement with a commercial customer that included a discount exceeding the discounts disclosed to GSA during negotiations of the contract. In the Second Amended Complaint the United States alleged that NBI knowingly presented false claims for payment when the company submitted invoices that were inflated by reason of NBI's failure to inform GSA of the reduction in price given to national account customers during the term of the contract.

On February 6, 1991, NBI filed a petition in the United States Bankruptcy Court for the District of Colorado seeking protection from creditors under Chapter 11 of the Bankruptcy Code. On March 18, 1991, NBI filed a Notice of Automatic Stay in this action. In June, the United States and NBI entered into an agreement to settle this matter. The agreement was approved by the Bankruptcy Court on June 12, 1991. On July 3, 1991 the parties filed a stipulation to dismiss this action. In addition, relator Kenneth Marcus filed, on July 3, 1991, an application, pursuant to 31 U.S.C. § 3730(d), for costs expenses and fees against NBI. This Court dismissed the action pursuant to the agreement of the parties on October 31, 1991. On November 12, 1991, the United States received a payment from NBI in accordance with the terms of the settlement agreement. The only matter still pending is relator's application for attorneys' fees, costs and expenses.

## ANALYSIS

The application currently before the court presents three issues. *First,* whether the entry of a money judgment by a district court pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730, is barred by the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a). *Second,* whether any exception found to apply to the United States in a petition for a money judgment applies with equal force to a private citizen relator in a *qui tam* action. *Third,* whether the attorneys' fees, costs and expenses claimed are reasonable.

### A. The Effect of the Automatic Stay on the Entry of a Money Judgment

Defendant NBI, Inc. contends that the filing of a petition in bankruptcy stays the entry of a money judgment against a debtor. Response of Defendant NBI, Inc. to Relator's Motion for Severance and Objection to Relator's Application for an Award of Reasonable Attorney's Fees, Costs and Expenses (hereinafter NBI Response) at 1. The Bankruptcy Code states that the filing

---

1. This provision provides that the relator "may also receive an amount for reasonable expenses the court finds to have been necessarily in-

curred and costs awarded against defendant." 31 U.S.C. § 3730(c)(2).

of a bankruptcy petition operates as a stay to any action against the debtor that "was or could have been commenced before" the filing of the petition "or to recover a claim against the debtor that arose before" the filing of the petition. 11 U.S.C. § 362(a)(1). Defendant argues that because plaintiff "has not petitioned the Bankruptcy Court for relief from the stay order," his application is thus barred. NBI Response at 3. Defendant concludes, then, that the application by plaintiff for attorneys' fees, costs and expenses is thus barred. This court disagrees.

This conclusion reached by defendant overlooks an exception contained in the same section of the Bankruptcy Code as the automatic stay provision, § 362(b)(4). Section 362(b)(4) states that "continuation[s] of ... action[s] or proceeding[s] by ... governmental units to enforce ... police or regulatory power[s]" are not automatically stayed by § 362(a). 11 U.S.C. § 362(b)(4). The United States Court of Appeals for the Eighth Circuit has interpreted § 362(b)(4) to allow an action to proceed where a "governmental unit is suing a debtor to prevent or stop violation of fraud ... laws, or attempting to fix damages for violation of such a law." *In re Commonwealth Companies Inc.*, 913 F.2d 518, 522 (1990). Here, the Court was relying on legislative history for establishing Congressional intent.[2]

The *Commonwealth* court stressed that it was not Congress' intent to extend the § 362(b)(4) exception to include "governmental actions that would result in a pecuniary advantage to the government" with respect to other creditors. *Id.* at 523. Re-

lying, again, on legislative history, the court found that Congress did not extend the § 362(b)(4) exception to include enforcement of money judgments because it did not want to interfere directly with the bankruptcy court's control over the assets of an estate so as to give the governmental unit "preferential treatment to detriment of all other creditors."[3] *Id. See also Missouri v. Bankruptcy Court*, 647 F.2d 768 (8th Cir.1981) (Where § 362(b)(4) was held inapplicable to the "enforcement of state laws ... because the laws 'directly conflict[ed] with the control of the property ... by the bankruptcy court.'"); *In re Berry Estates*, 812 F.2d 67 (2nd Cir.1987) (Because no harm to other creditors, action to recover excess rents retained by landlord was held to be within the § 362(b)(4) exception).

█ Thus, when a governmental proceeding will not conflict with the bankruptcy court's control of the property of the debtor and will not otherwise create a pecuniary advantage for the government, the proceeding will be excepted from the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a), by means of § 362(b)(4) of the Code, provided the proceeding is pursuant to the police or regulatory powers of that governmental unit.

In the instant case, the plaintiff seeks that the court merely "fix the amount" of the attorneys' fees, costs and expenses. Plaintiff seeks no pecuniary advantage over any other creditors and will receive no enforcement rights as a result of this judgment. Thus, since the bankruptcy court's control over defendant's property will not

---

**2.** The Committee Reports on the Bankruptcy Reform Act of 1978 yield the following:

Paragraph [§ 362(b) ](4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of *fraud,* environmental protection, consumer protection, safety, or similar police or regulatory laws, *or attempting to fix damages for violation of such a law,* the action or proceeding is not stayed under the automatic stay.

S.Rep. No. 989, 95th Cong., 2d Sess. 52, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787,

5838; H.R.Rep. No. 595, 95th Cong., 2d Sess. 343 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6299 (emphasis added).

**3.** The Committee Reports stated the following:

Since the assets of the debtor are in the possession and control of the bankruptcy court, and since they constitute a fund out of which all creditors entitled to share, enforcement by a governmental unit of a money judgement would give it preferential treatment to the detriment of all other creditors.

S.Rep. No. 989 at 52; H.R.Rep. No. 595 at 343, 1978 U.S.Code Cong. & Admin.News 5838, 6299.

be infringed upon in the slightest and since the plaintiff's application for attorneys' fees, costs and expenses can be characterized without difficulty as "attempting to fix damages for violation of [a fraud] law," and thus qualify as pursuant to the "police power" of the government, § 362(b)(4) applies.

### B. *Application of § 362(b)(4) Exception to Private Plaintiffs*

■ Having established that an application for reasonable attorneys' fees, costs and expenses falls within the exception provided in § 362(b)(4) of the Bankruptcy Code, the question that remains is whether the exception afforded the government under this provision extends to the private citizen *qui tam* relator. This question is answered first by looking to the plain language of the provision which excepts the "*continuation* of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." 11 U.S.C. § 362(b)(4). If it can be called anything, an application for reasonable attorneys' fees, costs and expenses can be called a "continuation" of the proceeding from which they were incurred. Further, since in the present case the plaintiff's request for attorneys' fees, costs and expenses under § 3730(d)(1) is an integral part of a False Claims Act *qui tam* suit otherwise exempt from the automatic stay provision of the Bankruptcy Code, it follows that relator's request is also exempt from the automatic stay.

In summary, a governmental action to fix reasonable attorneys' fees, costs and expenses falls within the § 362(b)(4) exception to the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a), provided the action is pursuant to the police or regulatory powers of that governmental unit. In addition, when an action is brought by a private plaintiff, the action is excepted from the automatic stay so long as the action is a "continuation" of and integral to a proceeding that is excepted from the automatic stay. For these reasons, this Court finds for the relator in granting the application for reasonable attorneys' fees, costs and expenses in connection with this case.

### C. *Reasonableness of the Fees Claimed*

■ NBI argues that the attorneys' fees claimed are excessive and unreasonable. The court does not agree. Recovery of attorneys' fees and costs are an additional, allowable recovery to the relator's share of the money recovered by the United States, and the statute requires award of such fees and costs as are "reasonable." 31 U.S.C. § 3730(c)(2). Defendant has made several blunderbuss objections, but has failed to parse the time and hours to demonstrate that any particular work was duplicative or unreasonable. Defendant argues the relator's counsel should not be compensated for any work after the Justice Department entered the case. The statutory scheme does not so provide,[4] and indeed it is apparent to the court that the vigorous, continued efforts of relator's counsel likely had some impact on the final outcome here.

■ Defendant's argument that relator's counsel may not obtain 1991 billing rates as an adjustment for delay in payment must also be rejected since this is a contingent fee case. Additionally, it does not appear to the court that any work here was truly fractionable from the claim on which relator prevailed; although he may not have succeeded on particular legal theories, they appear to be part and parcel of one ultimately successful claim that the defendant was defrauding the United States.

Finally, although Robert Seldon originally undertook relator's representation and investigated relator's claims, it is undisputed that he was consulting with David Shapiro about the matter. When Mr. Seldon's firm declined to file suit—in this contingent fee case—Mr. Shapiro took over. There is no apparent duplication of any effort. Both counsel appear to have worked to-

---

4. The statute provides "[t]he person may also receive an amount for reasonable expenses the court finds to have been necessarily incurred and costs awarded against the defendant." 31 U.S.C. § 3730(c)(2).

gether cooperatively, and through their joint efforts, they ultimately obtained a substantial recovery.

Accordingly, the court finds that the attorneys' fees, expenses and costs sought by relator are reasonable, and judgment shall be entered against defendant NBI, Inc., in favor of Kenneth L. Marcus, for the total sum of $50,244.64 (of which $49,176 is for attorneys' fees and $1068.64 is for costs and expenses).

SO ORDERED.

## ERRATA

On February 20, 1992, the court issued a memorandum opinion and order which was filed on February 20, 1992. In that opinion and order, this court granted the *qui tam* relator, in a Federal Tort Claims Act *qui tam* suit, reasonable attorneys' fees, costs, and expenses pursuant to 31 U.S.C. § 3730(c)(2) (1982). The grant of reasonable attorneys' fees, costs, and expenses should have been made pursuant to 31 U.S.C. § 3730(d)(1) (1988). In consideration of the foregoing, it is corrected as stated above.

ORDERED, that the court's February 20, 1992, order is corrected as stated above.

SO ORDERED.