887 P.2d 1385 (1994)
STATE of Oklahoma, ex rel., Jimmie D. SCOTT, Appellant,
v.
STATE of Oklahoma, ex rel. UNIVERSITY HOSPITAL AUTHORITY, Appellee, and
Andrew A. Lasser, Individually and as Chief Executive Officer, Defendant.
No. 84089.
Court of Appeals of Oklahoma, Division No. 1.
November 29, 1994.
Michael Gassaway, Oklahoma City, for appellant.
J. William Conger, Valerie K. Couch, and Ryan S. Wilson, Oklahoma City, for appellee.
Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 1.

*1386 MEMORANDUM OPINION

HANSEN, Presiding Judge:
In this taxpayer's qui tam action, Appellant Jimmie D. Scott (Scott) seeks review of the trial court's order dismissing, with prejudice, his claims against Appellee University Hospitals Authority (Authority). Authority is a state agency. 63 O.S.Supp. 1993 § 3207.

A TAXPAYER QUI TAM ACTION
A qui tam action is brought under a statute which establishes a penalty for the commission or omission of a certain act and provides the penalty shall be recoverable in a civil action, with part of the recovery going to the one bringing the action on behalf of the public body, and the rest going to the public body. State ex rel. Trimble v. City of Moore, 818 P.2d 889 (Okla. 1991).
In Oklahoma, the authority for qui tam actions is found at 62 O.S. 1991 §§ 372 and 373. Section 372 authorizes triple recovery, against state or municipal officers and others *1387 involved, of money improperly paid or property improperly transferred (1) in settlement of claims known by the officers to be fraudulent or void, or (2) in pursuance of unauthorized or fraudulent contracts or agreements.
Section 373 allows resident taxpayers to bring an action to recover the § 372 penalty, or to recover the money or property, if the appropriate officer fails or refuses to bring the action after demand by ten taxpayers. The taxpayer bringing the action is entitled under § 373 to one half the amount recovered "as a reward".

HISTORY OF THE CASE
Scott named Authority and Andrew Lasser (Lasser) as codefendants in his Petition. Scott alleged the University Hospital provided free food to state employees, visitors and guests under "de facto policy and agreement", and further alleged Lasser, as chief executive officer for the hospital, "made said payments when he knew or should have known that the same were illegal". Scott sought judgment against both defendants for triple the amount alleged to have been improperly paid.
Authority moved to dismiss Scott's claims against it, arguing among other things that Scott failed to state a claim upon which relief could be granted because Authority is not a party against which a monetary judgment could be obtained. The record reveals that Lasser was neither served with summons nor made an appearance, so the trial court never obtained jurisdiction over him and he has never been a party to this action.
In granting Authority's motion to dismiss, the trial court ordered that Scott's "claims against ... Authority are dismissed with prejudice pursuant to 12 Okla. Stat. § 2012(B)(6) as a result of [Scott's] failure to state a claim for which relief can be granted against ... Authority". The trial court specifically found §§ 372 and 373 "do not provide for suit against the State of Oklahoma for an agency of the State of Oklahoma (such as [Authority]) and no judgment can be rendered against the State or its agencies".
Scott appeals from the dismissal order, arguing the trial court erred in dismissing, with prejudice, his claims against Authority. We find the trial court correctly dismissed Scott's claims against Authority, but further find the trial court erred in dismissing with prejudice.

AUTHORITY, A STATE AGENCY, WAS A NECESSARY DEFENDANT IN THIS QUI TAM ACTION
Section 373 dictates that when a taxpayer institutes a qui tam action:
... which the proper officers of the state, county, township, city, town or school district might institute and maintain for the recovery of such property, or for said penalty; ... such municipality shall in such event be made defendant,... (emphasis added)
While municipality normally refers to subordinate governmental entities, we find the Legislature intended to include the state within those entities which must be made defendant under the § 373 mandate. As originally enacted (See, Laws 1901, p. 170) §§ 372 and 373 did not include the state government. In 1955, §§ 372 and 373 were amended in all other respects to include the state government, but the provision requiring the governmental entity be made defendant was left referring to municipalities. However, the provision in question directly follows, and implicitly refers back to, a group of governmental entities which includes the state.
We thus conclude that even though municipality is used in § 373, the Legislature intended to require that the state be made a defendant when a qui tam action involves a state agency. When legislative intent is discernible from a statute considered as a whole, that intent must prevail over the literal import of words used. Moser v. Liberty Mutual Insurance Co., 731 P.2d 406 (Okla. 1986).

AUTHORITY WAS NOT A DEFENDANT FOR LIABILITY PURPOSES
Although Authority was properly named as a defendant, Scott clearly cannot obtain a money judgment against Authority under a qui tam theory. Even though § 373 *1388 requires naming the state, or other affected governmental unit, as defendant, it does not do so for the purpose of imposing liability. In State ex rel. Trimble v. City of Moore, 818 P.2d at 895, the Supreme Court found the City of Moore's:
... status [was] that of a statutory party beneficiary. The qui tam Taxpayer wages war for the City. If the battle is won, the "spoils of war" go to the City and a reward to the qui tam plaintiff. If no liability is imposed, the action nonetheless terminates without any negative legal consequences to the City. (emphasis in original).
Our qui tam statutes "transform a private citizen and taxpayer into a representative of the state for the purpose of protecting the city's property rights", and require that the city "must be made a party defendant in order to have its rights considered and [is] bound by the judgment entered". State ex rel. Trimble v. City of Moore, at 894. These observations by the Supreme Court pertain equally to the state.
Because the state is only a nominal defendant, the trial court had no jurisdiction to proceed in the action below in the absence of personal jurisdiction over Lasser, who would be the adversarial defendant under our qui tam statutes. The trial court was therefore correct in finding no judgment could be rendered against Authority, and, under the circumstances, in dismissing the action as to Authority.
However, the trial court erred in dismissing with prejudice. If Scott does serve Lasser, or if the trial court otherwise obtains personal jurisdiction over him, Authority could again be joined as a "statutory party beneficiary" pursuant to § 373.
The trial court's order is AFFIRMED IN PART and REVERSED IN PART, and this matter is REMANDED to the trial court for entry of a new order consistent with this opinion.
CARL B. JONES, J., not participating.
HUNTER, J., concurs.