Cliff GARDNER; Bertha Gardner,
Plaintiffs–Appellants,

v.

D. Waive STAGER; Llee Chapman; Frankie Sue Del Papa; Rodney Harris, Marshall Smith; Mont E. Lewis; Dale Robertson, also all other persons known or unknown, claiming any right, title, estate, lien, or interest in the real property described in this complaint adverse to plaintiffs' ownership, or any cloud upon plaintiffs' title thereto, Defendants-Appellees.

No. 95–16471.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 1996.*

Decided Dec. 26, 1996.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Glade L. Hall, Reno, NV, for plaintiffs-appellants.

Albert M. Ferlo, Jr., United States Department of Justice, Environment and Natural Resources Division, Washington, DC, for defendants-appellees.

Before: CHOY, REAVLEY,** and LEAVY, Circuit Judges.

CHOY, Circuit Judge:

Cliff and Bertha Gardner ("Gardners") appeal from the district court's Fed.R.Civ.P. 12 dismissal of their quiet title action for grazing rights on land located in the Humboldt National Forest. We affirm.

Factual and Procedural Background

Cliff and Bertha Gardner own a cattle ranch in the Ruby Valley, Elko County, Nevada. The ranch is near the Humboldt National Forest. The Gardners and their predecessors in interest have grazed livestock on the federal forest land for many years.

Gardners now seek to quiet title to the right to graze cattle and to certain water rights on the Dawley Creek Allotment, which is part of the Humboldt National Forest. Gardners filed this action in Nevada state court on October 24, 1994. The complaint names several federal officials, including the forest supervisor for the Humboldt National Forest, and certain officials of the state of Nevada, but does not name the United States as a defendant. On December 1, 1994, the United States, as the real party in interest, filed a notice of removal with the Nevada

state court, and the case was removed to the United States District Court for the District of Nevada.[1] Rodney Harris and D. Waive Stager, two of the named federal officials, each filed disclaimers of interest in the federal property on January 20, 1995. The United States filed a motion to dismiss on February 1, 1995. On June 30, 1995, the district court deemed the United States to be the sole defendant in the action, granted the United States' motion to dismiss, and dismissed the claims against the federal and non-federal officials.

Analysis

I. Standard of Review

This court reviews de novo a district court's order granting a motion to dismiss. *Erickson v. Desert Palace, Inc.*, 942 F.2d 694–95 (9th Cir.1991), *cert. denied*, 503 U.S. 987, 112 S.Ct. 1476, 117 L.Ed.2d 620 (1992).

II. Grazing Rights

Gardners seek to quiet title to grazing rights on the Dawley Creek Allotment, which is part of the Humboldt National Forest and as such is property of the United States. Gardners, however, sued to quiet title under a Nevada state statute. The district court held that Gardners' suit was barred due to the sovereign immunity of the United States.[2]

In the Quiet Title Act ("QTA"), 28 U.S.C. § 2409a, Congress provided that the sovereign immunity of the United States may be waived in certain instances for the purpose of determining title to real property. Congressional waivers of the sovereign immunity of the United States "must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 161, 101 S.Ct. 2698, 2702, 69 L.Ed.2d 548 (1981) (quotation and citation omitted).

---

** Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation.

1. Gardners do not challenge the removal of this case from state court to federal court.

2. Gardners do not contest this decision of the district court, and therefore have waived any claim of error on this jurisdictional determination. Issues not raised on appeal are considered abandoned. *Dilley v. Gunn*, 64 F.3d 1365, 1367 (9th Cir.1995).

In order to effectively challenge the title of the United States to real property, claimants must sue under the QTA. In *Block v. North Dakota,* 461 U.S. 273, 286, 103 S.Ct. 1811, 1819, 75 L.Ed.2d 840 (1983), the Supreme Court held that "Congress intended the QTA to provide the *exclusive* means by which adverse claimants could challenge the United States' title to real property." (emphasis added). As Gardners did not bring suit under the QTA, the limited waiver of sovereign immunity provided by the QTA is not applicable to this case, and the suit is barred.

### III. Water Rights

The district court also held that Gardners' claim to water rights on the federal forest land was barred by the sovereign immunity of the United States, and also that dismissal was appropriate since comprehensive proceedings regarding the use of this water system were ongoing in a state forum. Gardners argue that the federal government cannot claim sovereign immunity in this instance, and that the district court should have remanded the claim to state court.

The McCarran Amendment, 43 U.S.C. § 666, provides for a limited waiver of the sovereign immunity of the United States in certain circumstances where water rights are concerned. This waiver, however, is limited to comprehensive adjudications of all of the water rights of various users of a specific water system. *Dugan v. Rank,* 372 U.S. 609, 618, 83 S.Ct. 999, 1005, 10 L.Ed.2d 15 (1963); *Metropolitan Water Dist. of Southern Cal. v. United States,* 830 F.2d 139, 144 (9th Cir. 1987), *aff'd sub nom. California v. United States,* 490 U.S. 920, 109 S.Ct. 2273, 104 L.Ed.2d 981 (1989). The McCarran Amendment does not authorize private suits to adjudicate water rights between particular claimants and the United States. *Metropolitan Water Dist.,* 830 F.2d at 144. The waiver of sovereign immunity provided by the McCarran Amendment is therefore inapplicable to Gardners' private suit for water rights against the United States.

Moreover, when there is a comprehensive litigation of the water rights of the users of a particular water system ongoing in a state tribunal, the federal court may dismiss a water rights suit brought by a private party. *Arizona v. San Carlos Apache Tribe,* 463 U.S. 545, 569–70, 103 S.Ct. 3201, 3214–15, 77 L.Ed.2d 837 (1983). There is presently before the Nevada State Engineer a comprehensive adjudication of the rights of water users in Ruby Valley,[3] and the United States is participating in that proceeding. The district court's dismissal of the water rights suit was therefore appropriate.

### Conclusion

We AFFIRM the decision of the district court.

---

3. The administrative proceeding is entitled "In re: Adjudication of the Waters of Ruby Valley, Elko and White Pine Counties, State of Nevada (Before the Nevada State Engineer)."