**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 18 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

MARGARET B. FENT; JERRY R.
FENT, wife and husband as State of
Oklahoma resident taxpayers, State
of Oklahoma ex rel.,

      Plaintiffs-Appellants,

v.

OKLAHOMA WATER RESOURCES
BOARD, State of Oklahoma, ex rel.;
WATER CONSERVATION
STORAGE COMMISSION, State of
Oklahoma, ex rel.; J. ROSS
KIRTLEY; RICHARD MCDONALD;
DICK SEYBOLT; LONNIE
FARMER; GRADY GRANDSTAFF;
ERVIN MITCHELL; BILL
SECREST; RICHARD
SEVENOAKS; WENDELL E.
THOMASSON, all as private
individuals, and as public board and
commission members of the
Oklahoma Water Resources Board
and Water Conservation Storage
Commission; DEPARTMENT OF
DEFENSE; UNITED STATES
DEPARTMENT OF THE ARMY;
UNITED STATES ARMY CORPS
OF ENGINEERS, United States of
America, ex rel.,

      Defendants-Appellees.

No. 99-6188

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 98-CV-221)**

Submitted on the briefs:

Russell B. Fister, Oklahoma City, Oklahoma, for Plaintiffs-Appellants.

Robert M. Anthony, Assistant Attorney General, Litigation Section, Oklahoma City, Oklahoma, for Defendant-Appellee State of Oklahoma, and Peter Coppelman, Acting Assistant Attorney General, Ellen J. Durkee and Ethan G. Shenkman, Attorneys, U.S. Department of Justice, Environment & Nat. Resources Div., Washington, D.C., for Defendant-Appellee United States.

Before **TACHA**, **EBEL**, and **BRISCOE**, Circuit Judges.

**TACHA**, Circuit Judge.

Plaintiffs appeal [1] from several orders resulting in the dismissal of their state law qui tam action, which was removed to federal court by the defendant United States ex rel. Department of Defense, Department of the Army, and Army Corps of Engineers (United States). Specifically, plaintiffs challenge (1) the denial of their motion to remand the case to state court; (2) the dismissal of their

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

-2-

cause against the United States on sovereign immunity grounds; and (3) the dismissal, without prejudice, of their remaining claims, against the State of Oklahoma ex rel. Water Resources Board, Water Conservation Storage Commission, and various officers working for those entities, on grounds of Eleventh Amendment Immunity. [2] As to the last ruling, plaintiffs do not object to application of the Eleventh Amendment per se, but to the consequent disposition of the barred claims, which they contend should have been remanded to state court rather than dismissed. We affirm the dismissal of the United States, but vacate the orders relating to the state defendants and remand to the district court with directions to remand the case, in turn, to state court.

### State Qui Tam Scheme

Oklahoma's qui tam scheme establishes treble liability for public officers who direct payment of state or local funds "in pursuance of any unauthorized, unlawful or fraudulent contract," 62 Okla. Stat. tit. § 372, and permits resident taxpayers to bring suit "in the name of the State of Oklahoma as plaintiff" to enforce that liability, 62 Okla. Stat. tit. § 373. While § 373 also "requires naming the state, or other affected governmental unit, as defendant, it does not do so for

---

[2]    Plaintiffs initially named the officers in their individual and official capacities, but, in response to the state defendants' motion to dismiss, plaintiffs no longer pursued individual liability. Hence, the district court did not address individual liability, *see* Appellant's App. at 420, nor do we.

-3-

the purpose of imposing liability. [Rather, the state's] 'status [is] that of a statutory party beneficiary. The qui tam Taxpayer wages war for the [state]. If the battle is won, the "spoils of war" go to the [state] and a reward to the qui tam plaintiff.'" *State ex rel. Scott v. State ex rel. Univ. Hosp. Auth.*, 887 P.2d 1385, 1387-88 (Okla. Ct. App. 1994) (quoting *State ex rel. Trimble v. City of Moore*, 818 P.2d 889, 895 (Okla. 1991)). The plaintiff's reward is "one half the amount recovered" in the action. *Id.* at 1387.

## Factual and Procedural Background

In 1974, the state Water Conservation Storage Commission entered into an installment debt contract with the Army Corps. of Engineers for water storage space in a lake to be constructed by the United States. The contract called for fifty annual payments contingent upon construction costs. The state's payment obligations commenced when the project was completed in 1983. At the time this action was filed, the state had paid $4,414,700.69 toward the contract and had missed six installment payments.[3]

Plaintiffs filed suit in state court under §§ 372 and 373, alleging the installment contract violated Oklahoma constitutional restrictions regarding

---

[3] In a separate action, the United States has sued the State of Oklahoma in the federal district court for the Northern District of Oklahoma seeking to recoup arrearages under the installment contract.

-4-

public indebtedness. Their complaint sought recovery of the funds already paid to the United States under the contract, and treble damages of $13,244,102.07. The United States removed the action to federal court pursuant to 28 U.S.C. § 1442(a)(1) (authorizing removal of civil actions against "[t]he United States or any agency thereof"), with sovereign immunity as the requisite federal defense. *See Mesa v. California*, 489 U.S. 121, 136-139 (1989) (holding § 1442(a)(1) "cannot independently support Art. III 'arising under' jurisdiction," and, thus, removal thereunder "must be predicated upon the averment of a federal defense"); *see also Dalrymple v. Grand River Dam Auth.*, 145 F.3d 1180, 1185 (10th Cir. 1998) (citing "colorable federal immunity defense" as Article III support for § 1442(a)(1) removal under *Mesa*).

Plaintiffs moved to remand, arguing the United States consented to joinder as a defendant in state court through the passage of 43 U.S.C. § 666. That statute, known as the McCarran Amendment, provides in relevant part as follows:

> Consent is hereby given to join the United States as a defendant in any suit (1) for the adjudication of rights to the use of water of a river system or other source, or (2) for the administration of such rights, where it appears that the United States is the owner of or is in the process of acquiring water rights by appropriation under State law, by purchase, by exchange, or otherwise, and the United States is a necessary party to such suit.

As its terms plainly reflect, this waiver of sovereign immunity is limited to suits involving the comprehensive adjudication or administration of all rights in

a water system.  *See Gardner v. Stager*, 103 F.3d 886, 888 (9th Cir. 1996)

(following *Dugan v. Rank*, 372 U.S. 609, 618 (1963)).  The district court held that

plaintiffs' action for damages and recovery of funds paid pursuant to an allegedly

illegal contract fell outside the compass of the McCarran Amendment and,

accordingly, denied plaintiffs' motion for remand.

Sometime thereafter, the district court disposed of the entire case in two

separate orders issued on the same day.  It dismissed plaintiffs' claims against the

state defendants as barred by the Eleventh Amendment, and dismissed their cause

of action against the United States as barred by sovereign immunity.  Plaintiffs

then moved for reconsideration in one limited respect.  Contending that the

district court's rulings reflected its lack of subject matter jurisdiction over the

case, they argued that the court should not have dismissed their claims against the

state defendants but, rather, should have remanded them back to state court

pursuant to 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears

that the district court lacks subject matter jurisdiction [over a case removed from

state court], the case shall be remanded.").  The district court denied plaintiffs'

motion without resolving the subject matter jurisdiction question under § 1447(c),

holding that, in any event, it would be futile to remand any claims to state court

because the United States was an indispensable party and would not be subject to

suit in that (or any other) forum.  Plaintiffs then appealed.

-6-

## Federal Sovereign Immunity

"[T]he doctrine of sovereign immunity prohibits suits against the United States except in those instances in which it has specifically consented to be sued." *United States v. Richman (In re Talbot)*, 124 F.3d 1201, 1206 (10th Cir. 1997). "The United States consents to be sued only when Congress unequivocally expresses in statutory text its intention to waive the United States' sovereign immunity." *Id*. We review de novo the district court's determination that the United States has not waived its immunity. *Shaw v. United States*, 213 F.3d 545, 548 (10th Cir. 2000). Further, whether the statutory bases for such waiver invoked by plaintiffs are available under the circumstances "is a legal issue of statutory interpretation which this court also reviews *de novo* ." *Id.*

Plaintiffs continue to insist the McCarran Amendment applies to this action. We agree with the district court's rejection of this argument for substantially the reasons recited above. Plaintiffs' contention on appeal, that "[w]ater rights can be established and determined by grants, deed, **contracts** , etc. and litigation is allowed under Section 666 in State Court regardless of the legal vehicle that brings the issue," Appellant's Br. at 14, misses the point. The McCarran Amendment is inapplicable here not because of the contractual source or legal form of plaintiffs' claims, but because of their substance–plaintiffs' action to recover allegedly illegal debt payments and obtain treble damages

therefor cannot by any stretch of the legal imagination be characterized as an effort to obtain a comprehensive adjudication of all water rights in a water system.

Plaintiffs also argue that the United States expressly waived its immunity for claims arising out of water resource projects by passage of the Flood Control Act of 1970, 42 U.S.C. § 1962d-5b, pursuant to which the United States and Oklahoma entered into the water storage contract in question here. That section provides in part:

(a) Cooperation of non-Federal interest

After December 31, 1970, the construction of any water resources project . . . shall not be commenced until each non-Federal interest has entered into a written agreement with the Secretary of the Army to furnish its required cooperation . . . . In any such agreement entered into by a State . . . or a governmental entity created by the State legislature, the agreement may reflect that it does not obligate future State legislative appropriations for such performance and payment when obligating future appropriations would be inconsistent with State constitutional or statutory limitations.

. . . .

(c) Enforcement; jurisdiction

Every agreement entered into pursuant to this section shall be enforceable in the appropriate district court of the United States.

The district court read this statute as permitting suits against the government to enforce contracts executed thereunder, but not as creating an open-ended waiver of sovereign immunity with respect to collateral causes of

action which somehow derive from or arise out of the subject matter of such contracts. We agree. A waiver of sovereign immunity "must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute." *Kelley v. United States*, 69 F.3d 1503, 1507 (10th Cir. 1995) (quotation omitted). The district court's interpretation of § 1962d-5b properly adheres to the plain, limited language used by Congress. To the extent plaintiffs' claims relate to a § 1962d-5b contract at all, they effectively seek its nullification, not enforcement, and thus do not fall within the scope of the government's waiver of sovereign immunity.

Finally, plaintiffs argue that in filing its own independent suit against the state to collect arrearages under the contract, the United States has mooted the jurisdictional problems associated with the formally separate and substantively distinct claims asserted by plaintiffs in this case. This argument, and plaintiffs' "One U.S. District Court Theory" on which it is based, is meritless. In light of the statutory language discussed above, there is no inconsistency in the United States invoking § 1962d-5b to enforce its contract with the state in one action and plaintiffs being unable to invoke the statute to nullify that contract and obtain collateral damages in another.

In sum, the United States properly removed this action on the basis of a valid assertion of its sovereign immunity. We therefore affirm the district

court's denial of plaintiffs' initial motion for remand and its subsequent dismissal of the United States from the suit.

## Disposition of Claims against State Defendants

Plaintiffs do not dispute that the Eleventh Amendment precluded pursuit of their claims against the state defendants in federal court; rather, they object to the resultant dismissal of those claims in lieu of a § 1447(c) remand to state court where the constitutional prohibition would not apply. [4] As noted above, the district court refused to remand the state claims because of its conclusion that their pursuit in state court without the presence of the United States would be futile.

However, the courts generally recognize that "there is no implicit futility exception hidden behind the plain language of § 1447(c)." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 496 (6th Cir. 1999) (collecting cases). In any event, it is not at all evident why the United States would be necessary to a disposition of

---

[4]     It is not clear, but at some points in their briefing, particularly in their Reply Brief, plaintiffs may be contending that § 1962d-5b, and its incorporation in the water storage contract, waived the state defendants' Eleventh Amendment immunity with respect to the claims asserted herein. This argument, if indeed it is one, is meritless for reasons that should be obvious from our discussion of § 1962d-5b and federal sovereign immunity. By its plain terms, the statute permits actions to enforce water project contracts between states and the federal government; nothing in the statute permits a citizen suit against a state for collateral liabilities of the sort alleged here.

plaintiffs' claims for statutory damages against the state defendants. *See State ex rel. Scott*, 887 P.2d at 1388 (noting true "adversarial defendant under our qui tam statutes" is wrongdoing state official from whom damages are sought). Thus, the district court's disposition cannot stand on its stated rationale. We must therefore resolve the subsidiary jurisdictional question the district court was able to avoid: Did the district court "lack subject matter jurisdiction," within the meaning of § 1447(c), when it dismissed rather than remanded plaintiffs' state claims?

To put that question in context, we should correct a confusion in the briefing submitted by the United States, which insists that the removal statute allows but does not require that such pendent claims be remanded, citing *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 354 (1988). *Cohill* involved an older version of the statute, which specifically required a remand only for cases *removed without jurisdiction* and said nothing about the disposition of properly removed cases when, as here, other jurisdictional problems emerge after removal. *See id.* at 354. The broad language added by the 1988 amendment to § 1447(c) fills this gap. Now,

> [r]emand to state court following removal is governed by 28 U.S.C.A. § 1447 (West 1994), and the statute is clear and unambiguous. "*If at any time before final judgment* it appears that the district court *lacks subject matter jurisdiction, the case shall be remanded*." 28 U.S.C.A. § 1447(c) (emphasis added). The plain language of § 1447(c) gives "no discretion to dismiss rather than

-11-

remand an action removed from state court over which the court lacks subject-matter jurisdiction." *International Primate Protection League v. Administrators of Tulane Educational Fund*, 500 U.S. 72, 89, 111 S. Ct. 1700, 1710, 114 L. Ed.2d 134 (1991) (internal quotation marks omitted).

*Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 48-49 (4th Cir. 1996) (vacating dismissal of pendent claims where district court ultimately lacked jurisdiction over subject matter of properly removed action, and directing district court to remand action to state court under 1447(c)) (emphasis altered); *see, e.g.*, *Coyne*, 183 F.3d at 496-97; *Bromwell v. Mich. Mut. Ins. Co.*, 115 F.3d 208, 214 (3d Cir. 1997); *Smith v. Wis. Dep't of Agric., Trade, & Consumer Prot.*, 23 F.3d 1134, 1139-40 (7th Cir. 1994).

Thus, the controlling question under § 1447(c) is whether the district court had subject matter jurisdiction over the case when it dismissed plaintiffs' cause against the United States as barred by sovereign immunity and the rest of their claims against the state defendants as barred by the Eleventh Amendment. This court has on many occasions recognized that where "the United States retains its sovereign immunity, . . . the district court lacks subject matter jurisdiction to hear the suit." *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1130 (10th Cir.), *cert. denied*, 120 S. Ct. 398 (1999) (quotation omitted); *see, e.g., Dahn v. United States*, 127 F.3d 1249, 1252 (10th Cir. 1997); *Kelley*, 69 F.3d at 1506-07. If the Eleventh Amendment likewise deprived the district court of subject matter

-12-

jurisdiction over the state defendants, the entire case would have been so barred and § 1447(c) would by its terms require the remand plaintiffs seek. That is, in fact, the conclusion reached under similar circumstances by the Fourth and Seventh Circuits in *Roach*, 74 F.3d at 49, and *Smith*, 23 F.3d at 1140.

We have noted "it is unclear whether the Supreme Court would consider Eleventh Amendment immunity to be an affirmative defense or a jurisdictional bar (which nonetheless can be waived) for the purposes of the removal statute." *Archuleta v. Lacuesta*, 131 F.3d 1359, 1362 (10th Cir. 1997); *see Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998) (assuming arguendo "that Eleventh Amendment immunity is a matter of subject matter jurisdiction," but noting this is "a question we have not decided"). On the other hand, we have held that "the *State's assertion* of Eleventh Amendment immunity *challenges the subject matter jurisdiction of the district court*, [and hence] the issue must be resolved before a court may address the merits." *Martin v. Kansas*, 190 F.3d 1120, 1126 (10th Cir. 1999) (emphasis added); *accord Seaborn v. Fla., Dep't of Corr.*, 143 F.3d 1405 1407 (11th Cir. 1998); *contra Parella v. Ret. Bd. of R.I. Employees' Ret. Sys.*, 173 F.3d 46, 55-57 (1st Cir. 1999). Indeed, we have in a number of contexts indicated that, in substance, the Eleventh Amendment constitutes a bar to federal subject matter jurisdiction. *See, e.g., Elephant Butte Irrig. Dist. v. Dep't of the Interior*, 160 F.3d 602, 607 (10th Cir. 1998); *ANR*

*Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1182, 1186 (10th Cir. 1998). *Accord*

*United States v. Tex. Tech Univ.*, 171 F.3d 279, 285 n.9 (5th Cir. 1999) (citing

similar decisions from several circuits), *cert. denied*, 120 S. Ct. 2194 (2000).

Whatever facial tension there may appear to be in the above cases is easily

resolved, however, and the key is in the emphasized language from *Martin*. If,

as *Archuleta* indicates, the primary feature potentially undercutting the otherwise

jurisdictional character of Eleventh Amendment immunity is that it can be

waived, *see Archuleta*, 131 F.3d at 1362–or, similarly, that it need not be raised

sua sponte by the courts, *see Parella*, 173 F.3d at 55–then it is consistent to hold,

as *Martin* and *Seaborn* do, that *once effectively asserted* such immunity

constitutes a bar to the exercise of federal subject matter jurisdiction.

Accordingly, when the district court concluded that the state defendants had

raised a valid Eleventh Amendment defense to the only part of the case not barred

by federal sovereign immunity, it necessarily recognized its lack of subject matter

jurisdiction over the action.[5] Thus,

_____

[5]     We note that invocation of supplemental jurisdiction over the state claims
pursuant to 28 U.S.C. § 1367 does not affect this conclusion. "[S]upplemental
jurisdiction does not render the Eleventh Amendment inapplicable because the
Supreme Court has held that 'neither pendent jurisdiction nor any other basis of
jurisdiction may override the Eleventh Amendment.'" *Mascheroni v. Bd. of
Regents of the Univ. of Cal.*, 28 F.3d 1554, 1559 (10th Cir. 1994) (quoting
*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984)); *accord
Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) ("28
(continued...)

-14-

> [a]pplying the above principles, it is evident that the district court erred by dismissing the action rather than remanding.  The Eleventh Amendment prevented the district court from exercising subject-matter jurisdiction over [plaintiff's] claims.  Therefore, § 1447(c) required the court to remand the action to state court.

*Roach*, 74 F.3d at 49; *see also Smith*, 23 F.3d at 1140.

We therefore AFFIRM the district court's orders pertaining to the United States, VACATE its orders pertaining to the state defendants, and REMAND the case with directions to the district court to remand the claims asserted against the state defendants to the Oklahoma court from which this action was removed.

---

[5](...continued)
U.S.C. § 1367 is not a congressional abrogation of state sovereign immunity.").

-15-