F I L E D
United States Court of Appeals
Tenth Circuit

APR 3 2001

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CAROLYN ANN LAFAVRE, also
known as Carolyn A. Howerter, and
JAMES SCOTT MERRITT, JR., on
behalf of themselves and all single
Kansas income tax payers who reside
in Kansas,

        Plaintiffs - Appellants,

        v.

STATE OF KANSAS, c/o Carla J.
Stovall, Office of the Attorney
General Kansas; KANSAS
DEPARTMENT OF REVENUE,
STATE OF KANSAS, c/o Carla J.
Stovall, Office of the Attorney
General of Kansas; TIM
SHALLENBURGER, as State
Treasurer of Kansas; STEPHEN S.
RICHARDS, as Secretary of Kansas
Department of Revenue and as acting
Director of Kansas Division of
Taxation; DAVID J. HEINEMANN, as
agent and designee of Secretary of
Revenue, and of Director and Division
of Taxation of Kansas Department of
Revenue, and as representative
defendant of a class of employees and
agents of Kansas and the Kansas
Department of Revenue,

        Defendants - Appellees.

No. 00-3078
(D. Ct. No. 99-CV-4056-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT** [*]

Before **TACHA** , Chief Judge, **SEYMOUR** , and **BRORBY** , Circuit Judges.

The plaintiffs, a class of single taxpayers residing in the state of Kansas, appeal the district court's dismissal for lack of subject matter jurisdiction. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. Background

In 1999, the plaintiffs LaFavre and Merritt filed a complaint on behalf of unmarried individuals who paid Kansas state income tax between 1988 and 1997. They alleged that K.S.A § 79-32,110, as it then existed, was unconstitutional because it imposed lower rates on married individuals filing joint returns than on other taxpayers. Pursuant to 42 U.S.C. §§ 1981 and 1983, they sought reassessment of Kansas income taxes paid by single persons between 1988 and 1997, and refunds of any excess amounts paid.

On February 18, 2000, the district court dismissed the plaintiffs' action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The district

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court held that the Eleventh Amendment of the United States Constitution barred its consideration of the plaintiffs' complaint. Because the named defendants were the State of Kansas, the Kansas Department of Revenue, the State Treasurer, the Secretary of Revenue, the Director of Taxation, and agents of the Secretary of Revenue, and because it found that the plaintiffs sought retroactive relief in the form of a reassessment and tax refunds, the district court concluded that the Eleventh Amendment prevented it from exercising jurisdiction.

## II. Discussion

We review de novo both a district court's dismissal for lack of subject matter jurisdiction and its determination that a suit is barred by the Eleventh Amendment. U.S. West, Inc. v. Tristani, 182 F.3d 1202, 1206 (10th Cir. 1999) (Rule 12(b)(1) dismissal); Powder River Basin Res. Council v. Babbitt, 54 F.3d 1477, 1483 (10th Cir. 1995) (Eleventh Amendment determination).

The Eleventh Amendment applies both to diversity jurisdiction and to federal question jurisdiction. Idaho v. Coeur d'Alene Tribe, 521 U.S. 261, 268 (1997). "[O]nce effectively asserted [Eleventh Amendment] immunity constitutes a bar to the exercise of federal subject matter jurisdiction." Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559 (10th Cir. 2000) (original emphasis omitted). It is undisputed that the defendants asserted Eleventh Amendment immunity before the

district court in their motion to dismiss. Therefore, if we find that Eleventh Amendment immunity applies to the defendants, we must affirm the district court's dismissal for lack of subject matter jurisdiction.

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. While its plain language does not apply to suits in federal court brought by a citizen against a citizen's own state, the Supreme Court "has long 'understood the Eleventh Amendment to stand not so much for what it says, but for the presupposition . . . which it confirms.'" Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 72-73 (2000) (alteration in original) (quoting Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996)). This presupposition is that "the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today." Alden v. Maine, 527 U.S. 706, 713 (1999); see also id. at 712-30 (recounting the history of state sovereignty and the impact of the Constitution and the Eleventh Amendment on that sovereignty). The Supreme Court recognized over one century ago that this immunity extends to suits brought by citizens against their own states. Hans v. Louisiana, 134 U.S. 1, 13-16 (1890).

The plaintiffs argue that the immunity recognized in Hans is outdated and

- 4 -

no longer valid.  We disagree.  Both the Supreme Court and this court have repeatedly confirmed the continued validity of the immunity recognized in Hans. See, e.g., Kimel, 528 U.S. at 79 (noting the "validity and natural import of decisions like Hans"); Alden, 527 U.S. at 712-30; Coeur d'Alene Tribe, 521 U.S. at 267-68; ANR Pipeline Co. v. Lefaver, 150 F.3d 1178, 1187 (10th Cir. 1998); V-1 Oil Co. v. Utah State Dep't of Pub. Safety, 131 F.3d 1415, 1420 (10th Cir. 1997); Powder River Basin Res. Council, 54 F.3d at 1483.  It is clear to this court that Eleventh Amendment immunity extends to suits brought by citizens against their own state.

The plaintiffs cite the Angelic Doctor to support their argument that, in cases such as this, a "sovereign duty" exists which renders Eleventh Amendment immunity inapplicable.  However, the plaintiffs have not cited, nor have we discovered, any relevant authority supporting a "sovereign duty" exception to Eleventh Amendment immunity.  Such an exception would not comport with the rationale underlying sovereign immunity.  Alexander Hamilton noted this more than two centuries ago when he argued that states could not be sued in federal court – even to force a state to fulfill its duty to comply with its own contractual obligations – without the state's consent.  The Federalist No. 81, cited in Alden, 527 U.S. at 716.  We therefore decline to create a "sovereign duty" exception to Eleventh Amendment immunity.

The plaintiffs further argue that they have a fundamental right to remain single and that this right, if any, has been violated. They argue that traditional Eleventh Amendment analysis is inapplicable in a case involving a fundamental right because such rights are self-executing. We disagree. The plaintiffs cite no relevant authority to support this argument. Indeed, even if the plaintiffs do have a fundamental right to remain single, an issue we do not address, we have previously applied our Eleventh Amendment analysis in cases involving fundamental rights. See, e.g., Buchwald v. Univ. of N.M. Sch. of Med., 159 F.3d 487, 494-95 (10th Cir. 1998) (fundamental right to travel).

The plaintiffs argue that to apply Eleventh Amendment analysis in a case involving a fundamental right would result in their being "disremediated." We disagree. When a federal court is barred from hearing a case, the state can provide a competent forum for a party to challenge any violation of fundamental rights. As the Supreme Court has stated:

> The States and their officers are bound by obligations imposed by the Constitution and by federal statutes that comport with the constitutional design. We are unwilling to assume the States will refuse to honor the Constitution or obey the binding laws of the United States. The good faith of the States thus provides an important assurance that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land."

Alden, 527 U.S. at 755 (alteration in original) (quoting U.S. Const. Art. VI). Indeed, a class of unmarried Kansas taxpayers has already litigated this issue in

the Kansas state courts. See Peden v. State , 930 P.2d 1 (Kan. 1996), cert. denied , 520 U.S. 1229 (1997). We therefore find the plaintiffs' "disremediation" argument to be without merit.

The defendant State of Kansas clearly qualifies for Eleventh Amendment immunity. The defendant Kansas Department of Revenue, as an arm of the state, also qualifies for immunity. See Sturdevant v. Paulsen , 218 F.3d 1160, 1164 (10th Cir. 2000) (noting that governmental entities that function as an arm of the state qualify for Eleventh Amendment immunity). The remaining defendants are state officials. As the Supreme Court has noted, "[t]he Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest." Pennhurst State Sch. & Hosp. v. Halderman , 465 U.S. 89, 101 (1984) (internal quotation marks omitted). The determination as to whether the state is the real party in interest depends on the type of relief sought. "Suits that seek prospective relief are deemed to be suits against the official, while suits that seek retroactive relief are deemed to be suits against the state." ANR Pipeline Co. , 150 F.3d at 1188. Furthermore, if the relief sought is to be money damages paid by the state, then the state is the real party in interest. Pennhurst , 465 U.S. at 101 n.11.

The plaintiffs argue that the relief they seek is prospective relief. They argue that they do not seek "damages." Rather, they denominate the relief they

seek as "reassessment," "restitution," "assumpsit," and "disgorgement." Regardless of the terms the plaintiffs wish to apply, the relief they seek is the return of money they claim was unconstitutionally collected as income tax between 1988 and 1997. Thus, they seek money damages from the state for past alleged wrongs. Furthermore, the provision of the Kansas tax code which the plaintiffs allege was unconstitutional has been amended. The disparity between the rates assessed to married taxpayers filing jointly and other taxpayers was eliminated as of the 1998 tax year. See K.S.A. § 79-32,110(a) (Supp. 2000). Thus, any decision regarding the tax provision in force between 1988 and 1997 can have no prospective application. We therefore find that the relief sought by the plaintiffs is retrospective. We also find that the return of money paid as income tax is money damages collected from the state itself. Therefore, we find that this action was brought against the remaining defendants in their official capacities, that the State of Kansas is the real party in interest, and that these defendants qualify for Eleventh Amendment immunity.

We conclude that Eleventh Amendment immunity, unless abrogated, is applicable to all defendants. We now consider whether this immunity has been abrogated. It is well settled that a state may waive its immunity under the Eleventh Amendment, but we will find waiver only where a state's consent to be sued in federal court is "express and unequivocal." V-1 Oil Co., 131 F.3d at

1421. While it may be true that this court may imply a waiver of Eleventh Amendment immunity from a state statute or constitutional provision, we will imply such a waiver "only where stated by the most express language or by such overwhelming implication . . . as will leave no room for any other reasonable construction." Id. (alterations and internal quotations omitted).

The plaintiffs have failed to identify any waiver meeting the stringent standard of "express and unequivocal." Indeed, the plaintiffs concede in their brief that "Kansas emits no 'clear statement'" in the Kansas income tax code consenting to suit in federal court. Appellant's Br. at 29. The plaintiffs argue, however, that K.S.A. § 79-3230(d), [1] when read together with the Kansas Constitution and the United States Constitution, amounts to a consent by Kansas to suit by taxpayers in federal court. We disagree. A reasonable construction of this provision is that the State of Kansas has consented to taxpayer suits in its own courts. Furthermore, the Supreme Court has made clear that a state's consent to be sued is not express and unequivocal consent to be sued *in federal court*. College Savings Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S.

---

[1]K.S.A § 79-3230(d) provides:

> In case a taxpayer has made claim for a refund, the taxpayer shall have the right to commence a suit for the recovery of the refund at the expiration of six months after the filing of the claim for refund, if no action has been taken by the director of taxation.

666, 676 (1999) ("[A] State does not consent to suit in federal court merely by consenting to suit in the courts of its own creation. Nor does it consent to suit in federal court merely by stating its *intention to 'sue and be sued*,' or even by authorizing suits against it 'in any court of competent jurisdiction.'" (citations omitted) (emphasis added)); *see also* Pennhurst, 465 U.S. at 99 n.9 ("[T]he Court consistently has held that a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts."). We find no express and unequivocal indication that the State of Kansas has consented to be sued by taxpayers in federal court.

In addition to waiver by the state, Eleventh Amendment immunity may be abrogated by Congress, primarily by acting under § 5 of the Fourteenth Amendment. ANR Pipeline Co., 150 F.3d at 1188. To find such an abrogation, we must find "an unequivocal expression of congressional intent to overturn the constitutionally guaranteed immunity of the several States." Pennhurst, 465 U.S. at 99 (internal quotation marks omitted); *see also* ANR Pipeline Co., 150 F.3d at 1188 (requiring the "clearest and most unmistakable terms" for congressional abrogation of a state's Eleventh Amendment immunity).

It is well settled that neither 42 U.S.C. § 1981 nor § 1983 abrogate the Eleventh Amendment immunity of the states. *E.g.*, Will v. Mich. Dep't of State Police, 491 U.S. 58, 66-67 (1989) (§ 1983); Ellis v. Univ. of Kan. Med. Ctr., 163

- 10 -

F.3d 1186, 1196 (10th Cir. 1998) (§§ 1981, 1983, and 1985). Thus, Congress has not abrogated the defendants' Eleventh Amendment immunity under these provisions.

Finally, the plaintiffs argue that the doctrine established in Ex Parte Young, 209 U.S. 123 (1908), permits them to maintain this action notwithstanding the Eleventh Amendment. Under Ex Parte Young, "when a party seeks only prospective equitable relief – as opposed to any form of money damages or other legal relief – then the Eleventh Amendment generally does not stand as a bar to the exercise of the judicial power of the United States." ANR Pipeline Co., 150 F.3d at 1188. However, Ex Parte Young "will not go so far as to allow federal jurisdiction over a suit that seeks to redress past wrongs – only ongoing violations are covered." Id. at 1189. Furthermore, Ex Parte Young "does not allow an award for monetary relief that is the practical equivalent of money damages, even if this relief is characterized as equitable." Id.

As we have discussed above, we find that the relief sought by the plaintiffs is retrospective and amounts to monetary damages for alleged past wrongs. We also find that, because the Kansas tax code provision has been amended and was not in force at the time of the plaintiffs' 1999 complaint, any relief addressed to the provision itself is retrospective. We find, therefore, that the Ex Parte Young exception for prospective equitable relief is inapplicable in this case.

Ex Parte Young has also been applied where no state forum is available to vindicate federal interests. Coeur d'Alene Tribe, 521 U.S. at 270-71. We have already noted, however, that not only did a state forum exist, but a class of unmarried Kansas taxpayers already litigated this issue in the Kansas state courts. See Peden v. State, 930 P.2d 1 (Kan. 1996). We therefore find no basis for applying Ex Parte Young to this case.

## III. Conclusion

We find that the Eleventh Amendment bars the plaintiffs' action. Consequently, we find that the district court lacked subject matter jurisdiction to adjudicate plaintiffs' claims. Because we find that the Eleventh Amendment required dismissal of the plaintiffs' claims, we need not consider the plaintiffs' argument that there is a fundamental constitutional right to remain single. See Griffin v. Davies, 929 F.2d 550, 554 (10th Cir. 1991) ("We will not undertake to decide issues that do not affect the outcome of a dispute.").

Accordingly, we AFFIRM the district court's dismissal.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Chief Judge