**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 31 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN R. ALVAREZ,

      Plaintiff - Appellant,

v.

JOHN LIZZA,

      Defendant - Appellee.

No. 04-1083
(D.C. No. 03-RB-769(BNB))
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **LUCERO** , and **O'BRIEN,** Circuit Judges.

John Alvarez, a pro se petitioner, brought suit against John Lizza, the deputy attorney general of Colorado, for larceny, discrimination, and violations of due process. The federal district court dismissed based on qualified immunity and failure to state a claim; Alvarez appeals the dismissal. For substantially the same reasons as stated in the magistrate judge's recommendation of February 6, 2004,

---

* The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

as adopted by the district court on February 25, 2004, we **AFFIRM**.

On May 18, 2001, Alvarez was involved in an automobile accident with a person who is not a party to this case. Investigating the accident, an officer of the Colorado State Patrol ("CSP") concluded that Alvarez's vehicle was stolen and had the vehicle impounded. During the course of Alvarez's subsequent contact with CSP in attempting to recover the automobile, Alvarez was told that Lizza was an Assistant Attorney General employed by the Colorado Attorney General's Office, which represented CSP. Lizza appears to have had no involvement in the dispute between Alvarez and CSP other than having drafted a letter to Alvarez, which confirmed that Alvarez had received all available information from CSP.

For reasons that are unclear from the record, on April 30, 2003, Alvarez brought claims against Lizza for discrimination, larceny, and violations of his due process. Alvarez sought compensatory damages of $250,000 along with injunctive relief of an uncertain nature. Lizza filed a motion to dismiss, and the district court found that Alvarez alleged neither facts nor law to support his claims.

Because Alvarez is pro se, we construe the pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520–21 (1972). However, we may not act as an advocate for a pro se litigant. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Our review of the district court's dismissal is de novo. See Maher v. Durango Metals, Inc., 144 F.3d 1302, 1304 (10th Cir. 1998).

Having reviewed the record in its entirety, we are confident that the district court was correct in finding Alvarez's allegations to be entirely unsupported and in dismissing the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). In addition to the significant barrier posed by the Eleventh Amendment, see Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559 (10th Cir. 2000), Alvarez appears to make no claims that Lizza was involved in either discrimination, larceny, or a violation of due process. Accordingly, we **AFFIRM**. Appellant's "Motion to File an Answer Brief in Regards to the State Defendants' Answer Brief," construed as a motion to file a reply brief out of time, is denied.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge