**F I L E D**

**UNITED STATES COURT OF APPEALS**

**September 26, 2005**

**TENTH CIRCUIT**

JOHN R. ALVAREZ,

      Plaintiff-Appellant,

v.

JON SANDRIDGE,

      Defendant-Appellee.

No. 05-1193

(D.C. No. 04-CV-2349-LTB-CBS)
(D.Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** , **LUCERO** , and **MURPHY** , Circuit Judges.

---

      John Alvarez, proceeding *pro se*, appeals the district court's order adopting

the magistrate's report and recommendation and dismissing his complaint

pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). We exercise jurisdiction

pursuant to 28 U.S.C. § 1291 and affirm.

---

    *This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

I.

On May 18, 2001, Alvarez was involved in an automobile accident with another individual who is not a party to this action. Colorado State Patrol Officer John Sandridge investigated the accident and determined that Alvarez was in possession of a stolen vehicle. Officer Sandridge impounded the car, despite Alvarez's contention that it was not stolen.

On April 30, 2003, Alvarez brought suit against John Lizza, the deputy attorney general of Colorado, asserting claims arising out the automobile accident. The district court dismissed the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and on appeal we affirmed. See Alvarez v. Lizza, No. 04-1083, 2004 WL 1926231 (10th Cir. Aug. 31, 2004).

Alvarez filed the present action on November 12, 2004, against Officer Sandridge. In short, Alvarez contends that Officer Sandridge searched and seized his car without probable cause, deprived him of his property without due process of law, and that both Officer Sandridge and the driver of the other car conspired to violate his rights. However, Alvarez's complaint cites only 18 U.S.C. § 241, a federal criminal statute, as a basis for relief. See Newcomb v. Ingle, 827 F.2d 675, 677 n.1 (10th Cir. 1987) ("Section 241 is a criminal statute prohibiting acts of conspiracy against the rights of citizens, and it does not provide for a private cause of action.").

2

Officer Sandridge filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). He argued that to the extent Alvarez alleged claims under 42 U.S.C. §§ 1983 and 1985, those claims were barred by the applicable two-year statute of limitations, and in any event, Alvarez failed to state a claim for a violation of his constitutional rights or for a conspiracy to deprive him of equal protection or equal privileges and immunities. Additionally, Officer Sandridge maintained that the district court lacked subject matter jurisdiction over any state constitutional tort claims Alvarez attempted to allege, citing Alvarez's failure to file a timely notice with the Office of the Colorado Attorney General as required by the Colorado Governmental Immunity Act ("CGIA"). See Colo. Rev. Stat. § 24-10-101 et seq.

The magistrate judge's report and recommendation, adopted by the district court, concluded that Alvarez's complaint did not state a § 1985(3) claim; any potential claims under § 1983 and § 1985 were time-barred under the two-year statute of limitations provided in Colo. Rev. Stat. § 13-80-102; and that Alvarez did not timely comply with the CGIA's notice provisions, a jurisdictional prerequisite to suit.

II.

We review de novo an order dismissing a complaint under either Rule 12(b)(1) or 12(b)(6), employing the same standard applied by the district court.

3

Ordinance 59 Ass'n v. U.S. Dep't of Interior Sec'y, 163 F.3d 1150, 1152 (10th Cir. 1998). "We accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party." Maher v. Durango Metals, Inc., 144 F.3d 1302, 1304 (10th Cir. 1998). Dismissal of a complaint pursuant to Rule 12(b)(6) will be upheld only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because Alvarez represents himself on appeal, his pleadings will be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, (1972).

### III.

We have carefully reviewed the record on appeal, as well as the briefs submitted by the parties. Applying the standards set out above, we affirm the judgment of dismissal for substantially the same reasons stated by the magistrate judge in his report and recommendation dated January 26, 2005. The attempt to ascertain the nature of Alvarez's claims was proper, and we agree with the construction of his claims. While we must liberally construe a pro se litigant's pleadings, it is not our role to serve as an advocate. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). We note that in the pleadings filed by Alvarez before the district court, as well as his brief on appeal, Alvarez did not dispute the

4

manner in which his complaint was construed or the basis for dismissing his claims. Instead, the only relevant legal argument Alvarez asserted was that Officer Sandridge did not timely file or serve the motion to dismiss. The docket report in this case shows that this contention is without merit.

Accordingly, the decision of the district court is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge