**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 18 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DEBRA A. SHAW,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

  and

AAA ENGINEERING & DRAFTING,
INC., a Utah corporation; WILBUR L.
BRAKHAGE, Supervisor; JANICE
KELLIN,

      Defendants-Appellees.

No. 99-6152

---

Appeal from the United States District Court
for the W. District of Oklahoma
(D.C. No. 95-CV-950-M)

---

Marilyn D. Barringer, Oklahoma City, Oklahoma (Micheal C. Salem, Norman,
Oklahoma, with her on the briefs) for Appellant.

Matthew M. Collette, (Douglas N. Letter, with him on the brief), Appellate Staff,
Civil Division, United States Department of Justice, Washington, D.C., for
Appellee, United States of America.

John B. Hayes, of Hayes & Magrini, Oklahoma City, Oklahoma, for Appellees, AAA Engineering & Drafting, Inc., Wilbur L. Brakhage and Janice Keelin.

---

Before **HENRY,** and **MURPHY,** Circuit Judges**,** and **KIMBALL,**[*]

---

**MURPHY**, Circuit Judge.

---

## I. INTRODUCTION

This appeal is from an Order granting the United States' Motion to Quash a Writ of Garnishment brought by plaintiff-appellant Debra Shaw. The Writ was for the recovery of a judgment for attorney's fees, litigation expenses, and costs awarded after the successful prosecution of consolidated False Claims Act ("FCA") *qui tam* and wrongful discharge actions. *See* 31 U.S.C. § 3730(d)(2), (h). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms** the order of the district court quashing the Writ. In so doing, we hold that (1) Congress did not waive the United States' sovereign immunity in the FCA; and (2) Shaw did not acquire the collection procedures of the U.S. through her status as an FCA relator.

---

[*]Honorable Dale A. Kimball, District Judge, United States District Court for the District of Utah, sitting by designation.

## II. FACTS & PROCEDURAL HISTORY

This appeal flows from an underlying lawsuit containing both FCA *qui tam* and wrongful discharge claims brought by Shaw against AAA Engineering and Drafting, Inc., ("AAA") and individual defendants Wilbur L. Brakhage and Janice Keelin (collectively "Defendants"). In June 1997, the district court entered judgment according to a jury verdict for Shaw on both counts. *See* 31 U.S.C. §§ 3729(a) & 3730(h). Defendants initially appealed that judgment without filing a *supersedeas* bond.[1] In October 1997, the United States applied to the district court for a Writ of Garnishment for the *qui tam* portion of the judgment, including that part of the judgment to which Shaw was entitled. *See* 31 U.S.C. § 3730(d)(2). The garnishee was the National Imagery and Mapping Agency of the Defense Finance and Accounting Service ("DFAS"), which was believed to owe money to AAA pursuant to various government contracts. Shaw also applied for a Writ of Garnishment against the DFAS for her share of the *qui tam* award and for her individual wrongful discharge portion of the judgment.[2] Defendants then

_____

[1]This court has, in a separate opinion also issued today, affirmed the FCA *qui tam* and wrongful discharge portions of the judgment. A pendant state law wrongful discharge claim was originally included in the underlying suit as well. Although Shaw had prevailed on the state law claim below, that portion of the judgment was reversed on appeal. *See United States ex rel. Shaw v. AAA Engineering and Drafting, Inc.*, __ F.3d __, __, __ (10th Cir. 2000) ("*Shaw I*").

[2]The United States assisted Shaw with this initial garnishment application and did not move to quash the Writ of Garnishment which the district court issued.

applied to the district court for approval of two *supersedeas* bonds, one for the United States' and one for Shaw's claims, and moved that court to quash both garnishment proceedings. Although the United States did not object, Shaw argued that the district court should accept Defendants' application and quash the Writs only on the condition that Defendants file an application for approval of *supersedeas* bonds simultaneously with any appeal from an anticipated award of attorney's fees, litigation expenses, and costs. The district court, however, approved Defendants' *supersedeas* bonds and quashed the garnishment proceedings without imposing the requested condition.

In March 1998, the district court entered judgment for Shaw on her application for attorney's fees, litigation expenses, (collectively "fees and expenses") and costs pursuant to the FCA's *qui tam* and wrongful discharge attorney's fees provisions. *See* 31. U.S.C. § 3730(d)(2), (h). Defendants eventually appealed the fees and expenses judgment without applying for a *supersedeas* bond.[3] In June 1998, Shaw filed an application for a second Writ of Garnishment for the fees and expenses judgment. The garnishee was again the

---

[3]This court has, in a separate opinion also issued today, affirmed the fees and expenses award. *See Shaw v. AAA Engineering & Drafting Co.*, __ F.3d __, __ (10th Cir. 2000) ("*Shaw II*"). In the present appeal, Shaw also asks this court to order the garnishee, DFAS, to hold in trust amounts owed to AAA pending the outcome of the fees and expenses appeal. As that case has been decided, the issue is now moot.

DFAS, and the requested garnishment was again for money believed to be owed by the United States to AAA pursuant to various government contracts. This second Writ was entered by the magistrate, but the United States moved to quash the Writ and dismiss the garnishment proceeding. The government argued the district court lacked subject matter jurisdiction by reason of sovereign immunity. The district court granted the government's motion. Shaw appeals from this Order.

III. DISCUSSION

Shaw argues the district court erred in granting the United States' Motion to Quash the second Writ of Garnishment because the United States waived sovereign immunity from garnishment actions under the FCA. Alternatively, if Congress has not waived sovereign immunity, Shaw argues that as a *qui tam* relator she has standing to invoke collection procedures available to the United States. Finally, Shaw also requests this court to order Defendants to secure the fees and expenses judgment.[4]

---

[4]In her list of issues presented for review, Shaw also asks this court to determine her entitlement to fees and expenses incurred for "collection procedures and any appeal." [Aplt. Br. at 4] There is no indication, however, that this issue was raised in the proceedings from which this appeal is taken. This court will not consider this issue for the first time on appeal. *See King of the Mountain Sports, Inc. v. Chrysler Corp.,* 185 F.3d 1084, 1091 n.2 (10th Cir. 1999).

-5-

A. Standard of Review

This court reviews *de novo* the district court's decision that sovereign immunity has not been waived. *See Price v. United States*, 7 F.3d 968, 969 (10th Cir. 1993). Whether Shaw has standing to invoke the Federal Debt Collection Procedures Act ("FDCPA") is a legal issue of statutory interpretation which this court also reviews *de novo*. *See United States v. Phelps*, 17 F.3d 1334, 1337 (10th Cir. 1994).

B. Waiver of Sovereign Immunity

Shaw first argues the express language of the FCA shows congressional intent to waive sovereign immunity from FCA-based collection procedures for fees and expenses judgments. She cites 31 U.S.C. § 3730(d)(2), which provides that if the government does not intervene in an FCA suit, the relator is entitled to a portion of the judgment and "reasonable expenses[,] attorneys' fees and costs." She also cites § 3730(h), which provides that one who is unlawfully terminated from employment for actions done in the furtherance of the FCA is entitled to relief, including "litigation costs and reasonable attorneys' fees."

"No legal proceeding, including garnishment, may be brought against the United States absent a waiver of its sovereign immunity." *Millard v. United States*, 916 F.2d 1, 3 (Fed. Cir. 1990) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). The waiver must be express in the statutory text. *See United*

*States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 & 37 (1992); *Fostvedt v. United States*, 978 F.2d 1201, 1202-03 (10th Cir. 1992). Shaw has not provided this court with an express statutory waiver of sovereign immunity in this case, but merely cites FCA provisions awarding fees and expenses against the *defendant*. *See* 31 U.S.C. §§ 3730 (d)(2) & (h). There is no express waiver of sovereign immunity in the FCA.

Shaw argues (1) the FCA furthers important public policies; (2) private individuals have standing to bring FCA *qui tam* suits because the United States is the real party in interest in these actions; (3) upon a showing of good cause, the government may intervene at any point in an FCA *qui tam* suit, including to enforce *qui tam* judgments; (4) privity exists between the United States and an FCA *qui tam* relator for *res judicata* purposes; (5) a recovery of attorney's fees under the FCA belongs to the client and not the attorney; and (6) at least one court has determined that when a *qui tam* defendant declares bankruptcy, a relator's application for attorney's fees and expenses against that defendant are exempt, as the government's application would be, from the Bankruptcy Code's automatic stay provisions. *See* 11 U.S.C. § 362(a), (b)(4); *United States ex rel. Marcus v. NBI, Inc*., 142 B.R. 1, 3-4 (D.C. 1992). Shaw apparently contends that these arguments, either separately or combined, amount to an implied waiver of sovereign immunity under the FCA. As noted above, however, a waiver of

sovereign immunity must be *express* in a statute and cannot be implied. *See Nordic Village, Inc.*, 503 U.S. at 33-34, 37; *Fostvedt,* 978 F.2d at 1202-03. Shaw's arguments simply do not address the necessity of an express waiver of sovereign immunity under the FCA. [5]

C. Collection Procedures Available to the United States

Shaw also argues she has standing to invoke collection procedures available to the United States, specifically the right to invoke the FDCPA. *See* 28 U.S.C. §§ 3001-3308. [6] The FDCPA sets forth procedures for the United States to recover a judgment on a debt. 28 U.S.C. § 3001(a)(1). [Aplt. App. at 33] Shaw argues that she falls under the FDCPA definition for "Counsel for the United States," and thus has governmental powers to collect the debt owed Shaw by Defendants. *See* 28 U.S.C. § 3002(1)(B). An examination of the FDCPA quickly shows why this argument fails. First, debt is defined in the FDCPA as an amount "owing to the United States." *See id*. §§ 3002(3)(A)-(B). The debt at

---

[5]Shaw also points out that the United States assisted her in her first garnishment proceeding and did not object to her first Writ of Garnishment. As this court has previously noted, however, "neither the government's attorneys nor any other officer of the United States may waive the United States' sovereign immunity." *United States v. Richman (In re Talbot)*, 124 F.3d 1201, 1205 (10th Cir. 1997).

[6]Shaw also briefly asserts that she has the government's common law right to offset contract debts owed to the United States against contract payments by the government to the debtor, here AAA. This argument, however, is "developed so superficially . . . as to waive it." *Franklin Savings Corp. v. United States*, 180 F.3d 1124, 1128 n.6 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 398 (1999).

issue in this case is not, however, owing to the United States. It is a judgment for the relator Shaw for her own fees and expenses. *See* 31 U.S.C. § 3730(d)(2), (h). Second, the FDCPA defines "Counsel for the United States" to include "any private attorney authorized by contract made in accordance with section 3718 of title 31 to conduct litigation for collection on behalf of the United States." 28 U.S.C. § 3002(1)(B). The referenced section in turn refers to the Attorney General's power to contract with private counsel to collect debt owed to the U.S. government. *See* 31 U.S.C. § 3718(a) & (b). The "Counsel for the United States" definition in 28 U.S.C. § 3002 cannot be logically extended to include an FCA *qui tam* or wrongful discharge plaintiff seeking to collect attorney's fees owed to that plaintiff as an individual. Shaw does not acquire the government's standing to assert the FDCPA. [7]

D. Order Defendants to Secure the Judgment

On June 8, 1998, after Shaw applied for her second Writ of Garnishment but before the Writ was quashed, Shaw moved the district court to secure the March 1998 fees and expenses judgment by directing Defendants to post a *supersedeas* bond. Although it does not appear from the record that the district

---

[7]Shaw also argues this court should order the United States to invoke the FDCPA against Defendants on her behalf. Once again, however, Shaw does not provide this court with a waiver of sovereign immunity which would allow us to so order.

court ever ruled on this motion, Shaw also asks this court to order Defendants to somehow secure the fees and expenses judgment. This court doubts whether the district court's Order Quashing the Writ of Garnishment is a final decision on Shaw's request to secure the fees and expenses judgment, and thus we doubt our subject matter jurisdiction over this issue. *See* 28 U.S.C. § 1291. We also note, however, that in light of our decisions affirming both the underlying merits judgment and the fees and expenses judgment, the issue of whether to require Defendants to secure the fees and expenses judgment pending appeal is now moot. [8] *See Shaw I* , __ F.3d at __; *Shaw II* , __ F.3d at __; Fed. R. Civ. Pro. 62(a), (d); *see also Franklin Savings Corp. v. United States* , 180 F.3d 1124, 1128 n.5, *cert. denied* , 120 S. Ct. 398 (1999). Accordingly, Shaw's second application for leave to supplement the appendix with the June 8, 1998 motion and supporting documentation is also denied as moot.

---

[8]Moreover, this court notes that a court cannot *force* an appellant to post a *supersedeas* bond; the court simply denies an appellant's application for a stay of execution until a *supersedeas* bond is given. *See* Fed. R. Civ. Pro. 62(d). No stay of execution on the fees and expenses judgment has been granted, and thus Shaw's request for a *supersedeas* bond is misplaced.

## IV. CONCLUSION

For the reasons stated above, this court **AFFIRMS** the district court's Order Quashing the Writ of Garnishment and **DISMISSES** Shaw's request that we order the Defendants to post a *supersedeas* bond.