**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 10 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN DOE,

        Appellant,

  v.

JANE DOE,

        Appellee.

No. 04-6232
(D.C. No. CV-03-1212-W)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

      John Doe sued the head of a federal agency under the False Claims Act (FCA), 31 U.S.C. § 3729 *et seq.* He appeals the district court's dismissal of his

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

case for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm on the ground of sovereign immunity. Given the basis of our ruling, we need not address the district court's alternative holding, that this case presents no justiciable case or controversy. [1]

Sovereign immunity protects the United States and its agencies from being sued without their consent. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity also bars suits against federal officers "if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Dugan v. Rank*, 372 U.S. 609, 620 (1963) (internal citation and quotations omitted); *see also Weaver v. United States*, 98 F.3d 518, 529 (10th Cir. 1996) (holding that an action against federal employees in their official capacity is in fact an action against the United States). "Sovereign immunity is jurisdictional in nature." *Meyer*, 510 U.S. at 475. A waiver of sovereign immunity must be explicit. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Whether sovereign immunity applies is a legal question that we review de novo. *Shaw v. United States*, 213 F.3d 545, 548 (10th Cir. 2000).

---

[1] Mr. Doe seeks to substitute defendants-appellees on appeal. Because we deny that motion, the defendant-appellee remains the agency head that Mr. Doe named in the district court, and we do not consider arguments relevant only to the new defendants Mr. Doe proposes to include in this appeal.

In *Shaw*, we held that the United States has not waived its sovereign immunity against FCA-based collection actions, stating, "[t]here is no express waiver of sovereign immunity in the FCA." *Id.* Similarly, other courts have applied sovereign immunity in FCA suits involving agencies and instrumentalities of the United States. *See, e.g., Galvan v. Federal Prison Indus., Inc.*, 199 F.3d 461, 468 (D.C. Cir. 1999). In light of the sovereign immunity bar, the district court appropriately dismissed this case. Further, because sovereign immunity is a legal question, the district court was not required to hold an evidentiary hearing before ruling.

Mr. Doe argues on appeal that Congress waived sovereign immunity by permitting, in certain implementing legislation, the particular agency involved in this case to sue and be sued.[2] A sue-and-be-sued provision can constitute a waiver of sovereign immunity. *See Meyer*, 510 U.S. at 475; *Federal Housing Admin. v. Burr*, 309 U.S. 242, 245 (1940). But we have reviewed the statutory sections that Mr. Doe cites, and we have not found a sue-and-be-sued provision. In addition, even if there were such a provision and it established a waiver, we

[2] It is unclear whether Mr. Doe's complaint named the agency as a separate defendant. Mr. Doe argued before the district court that any jurisdictional issues could be remedied by allowing him to eliminate the agency head as a defendant and proceed against the agency. Therefore, we assume for purposes of this appeal that the agency could be made a defendant and address his arguments alleging the waiver of the agency's sovereign immunity.

note that "[a]n absence of immunity does not result in liability if the substantive law in question is not intended to reach the federal entity." *United States Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 744 (2004).

Mr. Doe also argues that his suit should not be barred because Congress waived the agency's immunity by allowing it to compete with private entities in the commercial world. *See Franchise Tax Bd. v. United States Postal Serv.*, 467 U.S. 512, 520 (1984) (stating that the Postal Service's "liability is the same as that of any other business"). "[A]bsence of a general sue-and-be-sued clause is not necessarily fatal to [a] claim that [an agency program] is a commercial enterprise." *Sandia Oil Co. v. Beckton*, 889 F.2d 258, 262 (10th Cir. 1989) (per curiam). Having reviewed Mr. Doe's arguments, the relevant statutes, and applicable cases, however, we conclude that the program involved in this case is not a "business-type activity with a business-minded purpose," *id.* at 263, as would be required to find a waiver of sovereign immunity. Rather, the circumstances here are more analogous to those government programs found insufficiently commercial to constitute a waiver. *See id.* at 263-64.

Finally, Mr. Doe seeks to avoid the sovereign immunity bar by substituting defendants on appeal. Because it is generally improper to add new parties on appeal, we deny Mr. Doe's motion.

Mr. Doe's Motion to Amend Pleading to Correct Jurisdictional Defects is DENIED. The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Mary Beck Briscoe
Circuit Judge