NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TRANSPACIFIC STEEL LLC, BORUSAN MANNESMANN BORU SANAYI VE TICARET A.S., BORUSAN MANNESMANN PIPE U.S. INC., THE JORDAN INTERNATIONAL COMPANY,**
*Plaintiffs-Appellees*

**v.**

**UNITED STATES, DONALD J. TRUMP, in his official capacity as President of the United States, UNITED STATES CUSTOMS AND BORDER PROTECTION, MARK A. MORGAN, in his official capacity as Senior Official Performing the Duties of the Commissioner of the United States Customs and Border Protection, DEPARTMENT OF COMMERCE, WILBUR L. ROSS, in his official capacity as Secretary of Commerce,**
*Defendants-Appellants*

---

2020-2157

---

Appeal from the United States Court of International Trade in No. 1:19-cv-00009-CRK-GSK-JAR, Senior Judge Jane A. Restani, Judge Claire R. Kelly, and Judge Gary S. Katzmann.

---

**ON MOTION**

———————————

Before REYNA, TARANTO, and CHEN, *Circuit Judges*.

Order of the court filed by *Circuit Judge* REYNA.

Dissenting opinion filed by *Circuit Judge* TARANTO.

REYNA, *Circuit Judge*.

## O R D E R

The appellants move to stay the underlying judgment pending appeal.

Rule 8(a)(2) of the Federal Rules of Appellate Procedure authorizes this court to grant a stay pending appeal. Our determination is governed by four factors: (1) whether the movant has made a strong showing of likelihood of success on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Nken v. Holder*, 556 U.S. 418, 434 (2009).

Based on the papers submitted, we conclude that the appellants have not established that a stay of the final judgment pending appeal is warranted here.[1]

———————————

[1]    The dissent and the government believe that CIT Rules 62(d) and (e), read together, require an automatic stay because the judgment here functions as a monetary judgment. We disagree. The CIT considered and rejected the argument that the two rules trigger an automatic stay pending appeal when the government is the appellant; the government remains unable to cite precedent to the contrary, at least as to the CIT's rules specifically. *See* Appellees' Resp. at 8. To be sure, the dissent cites non-binding precedent interpreting the materially similar Federal Rules of Civil Procedure in this way. That view, however,

Accordingly,

IT IS ORDERED THAT:

The motion is denied.

FOR THE COURT

December 10, 2020                    /s/ Peter R. Marksteiner
        Date                         Peter R. Marksteiner
                                     Clerk of Court

s31

---

is not entirely uniform; commentators have noted that at least "[o]ne court has cautioned that subdivisions (d) and (e) of Rule 62 should not be read to together so as to allow the United States a stay upon appeal as a matter of right," Wright & Miller § 2905 n.9 (citing *In re Westwood Plaza Apts., Ltd.*, 150 B.R. 163, 166–67 (Bankr. E.D. Tex. 1993)), and many other circuits have yet to consider the question. As neither rule's text explicitly provides for the application of an automatic stay here, we apply the traditional four factor test to determine if a stay is warranted.

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TRANSPACIFIC STEEL LLC, BORUSAN MANNESMANN BORU SANAYI VE TICARET A.S., BORUSAN MANNESMANN PIPE U.S. INC., THE JORDAN INTERNATIONAL COMPANY,**
*Plaintiffs-Appellees*

**v.**

**UNITED STATES, DONALD J. TRUMP, in his official capacity as President of the United States, UNITED STATES CUSTOMS AND BORDER PROTECTION, MARK A. MORGAN, in his official capacity as Senior Official Performing the Duties of the Commissioner of the United States Customs and Border Protection, DEPARTMENT OF COMMERCE, WILBUR L. ROSS, in his official capacity as Secretary of Commerce,**
*Defendants-Appellants*

---

2020-2157

---

Appeal from the United States Court of International Trade in No. 1:19-cv-00009-CRK-GSK-JAR, Senior Judge Jane A. Restani, Judge Claire R. Kelly, and Judge Gary S. Katzmann.

---

TARANTO, *Circuit Judge*, dissenting.

Defendants (collectively, the United States or the government) request, under Federal Circuit Rule 8, that we stay the judgment of the Court of International Trade (Trade Court) pending the appeal in this case. I read the request as seeking a stay of only the non-declaratory portion of the judgment, which orders "that United States Customs and Border Protection refund Plaintiff and Plaintiff-Intervenors the difference between any tariffs collected on its imports of steel products pursuant to Proclamation No. 9772 and the 25% *ad valorem* tariff that would otherwise apply on these imports together with such costs and interest as provided by law." S.A. 3–4. Plaintiff Transpacific Steel LLC and Plaintiff-Intervenors Borusan Mannesmann Boru Sanayi Ve Ticaret A.S., Borusan Mannesmann Pipe U.S. Inc., and the Jordan International Company (collectively, plaintiffs)—who are importers (in some cases also producers or exporters) of Turkish steel—oppose the stay. I would grant the stay, without weighing the equities or assessing the likelihood of success on appeal, because the refund order at issue comes within a well-recognized "automatic stay" principle for monetary judgments that we should hold applicable to the Trade Court.

I

Plaintiffs challenged the lawfulness of Proclamation 9772, which the President issued under 19 U.S.C. § 1862 on August 10, 2018, 83 Fed. Reg. 40,429 (Aug. 15, 2018) (Proclamation 9772), and requested a refund of tariffs paid on their steel imports from Turkey. Proclamation 9722 raised the ad valorem tariff on Turkish steel from 25% to 50%. The Trade Court concluded that Proclamation 9722 violated 19 U.S.C. § 1862 as well as a right to equal protection guaranteed by the Fifth Amendment. *See Transpacific Steel LLC v. United States*, 466 F. Supp. 3d 1246 (Ct. Int'l Trade 2020). The Trade Court entered a final judgment having just two parts—a declaratory part, stating that Proclamation 9722 is "declared unlawful and void," and a

refund part, ordering the government to "refund" plaintiffs "the difference between any tariffs collected" under the 50% rate of Proclamation No. 9772 and the otherwise-applicable 25% rate, plus costs and interest.  S.A. 3–4; *see also Transpacific Steel LLC v. United States*, No. 19-00009, 2020 WL 5530091, at \*1 (Ct. Int'l Trade Sept. 15, 2020) (*Stay Opinion*) ("The court thus granted Plaintiffs' requested relief and instructed U.S. Customs and Border Protection to issue to Plaintiffs[] a refund of the difference between any tariffs collected on imports of steel articles pursuant Proclamation 9772 and the 25 percent ad valorem tariff that would otherwise apply.").  The United States appealed.

On August 13, 2020, the United States filed with the Trade Court, under U.S. Court of International Trade (CIT) Rule 62, a motion to stay the judgment—whose only non-declaratory portion is an order to refund an amount that plaintiffs do not dispute is a matter of easy, objective calculation.  About a month later, the Trade Court denied the motion.  *Stay Opinion*, 2020 WL 5530091, at \*3.  The court first rejected the government's contention that, because the refund order is purely monetary in character and easily calculable in amount, the government is entitled to an automatic stay pending appeal without posting a bond or other security.  *Id.*  The Trade Court also rejected the government's argument for a stay under the four-part standard that considers the merits, the potential for irreparable injury to the stay applicant, the other parties' interests, and the public interest—though the Trade Court enjoined liquidation of the subject steel entries pending appeal.  *Id.* at \*2–4 (applying standard from *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

The United States now seeks a stay from this court.  I would grant it.

## II

## A

Plaintiffs do not dispute the proposition that if the relevant part of the judgment is monetary, the United States is entitled to an "automatic stay" pending appeal (with no consideration of the merits or equities) without posting a supersedeas bond or other security. That proposition, arrived at in two steps, is supported by ample precedent applying language, notably from Federal Rule of Civil Procedure 62, materially the same as the language of CIT Rule 62. I would apply this proposition in exercising our stay authority under Federal Circuit Rule 8.

The first step is the automatic-stay principle that applies to appellants generally. CIT Rule 62(d) states: "When an appeal is taken, the appellant, by giving a supersedeas bond, may obtain a stay subject to the exception contained in subdivision (a) of this rule."[1] The only condition is the giving of a supersedeas bond, which must be "approved by the court." CIT Rule 62(d) ("The stay is effective when the supersedeas bond is approved by the court."). These provisions mirror Fed. R. Civ. P. 62(d) as it stood before 2018, in which year its language was moved, with slight modifications, to Fed. R. Civ. P. 62(b).[2]

---

[1]    The referred-to "exception" is the exception for "injunction[s]" stated in CIT Rule 62(a): "Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of any appeal."

[2]    Fed. R. Civ. P. 62(d) (2017) stated: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2)." It also provided that "[t]he stay takes effect when the court approves the bond." *Id.* Fed. R. Civ. P. 62(a) (2017) stated

The materially identical "may" language in the Federal Rules counterpart has long been held—as its language can readily be understood—to be an entitlement in cases of monetary relief. "With respect to a case arising in the federal system it seems to be accepted that a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62(d) and 73(d) . . . ." *American Manufacturers Mut. Ins. Co. v. American Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966) (Harlan, J., as

---

the referred-to exceptions: "But unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken: (1) an interlocutory or final judgment in an action for an injunction or a receivership; or (2) a judgment or order that directs an accounting in an action for patent infringement."

Since 2018, Fed. R. Civ. P. 62(b) has stated: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Rule 62(c) now states the exceptions: "Unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken: (1) an interlocutory or final judgment in an action for an injunction or a receivership; or (2) a judgment or order that directs an accounting in an action for patent infringement." The 2018 Advisory Committee Notes identify the replacement of "supersedeas bond" with "bond or other security" as simply broadening the kinds of security that will suffice for the stay. There is no evident intent to change the effect of barring execution that is part of the meaning of "supersedeas." *See supersedeas*, Black's Law Dictionary (11th ed. 2019); *Hovey v. McDonald*, 109 U.S. 150, 159–60 (1883). The Advisory Committee Notes identify no substantive change of meaning relevant to the present issue.

Circuit Justice) (citations omitted); *see Becker v. United States*, 451 U.S. 1306, 1308 (1981) (Rehnquist, J., as Circuit Justice) (recognizing "the automatic stay provisions of Rule 62(d)"); *see also*, *e.g.*, *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2011-1538, 2012 WL 10716768, at \*1 (Fed. Cir. Apr. 2, 2012); *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002); *Cohen v. Metro. Life Ins. Co.*, 334 F. App'x 375, 378 (2d Cir. 2009); *In re Tribune Media Co.*, 799 F.3d 272, 281 (3d Cir. 2015); *Fidelity & Deposit Co. of Maryland v. Davis*, 127 F.2d 780, 782 (4th Cir. 1942); *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992); *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003); *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988); *Knutson v. AG Processing, Inc.*, 302 F. Supp. 2d 1023, 1032 (N.D. Iowa 2004); *In re Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977); *Shaw v. United States*, 213 F.3d 545, 550 n.8 (10th Cir. 2000); *United States v. Wylie*, 730 F.2d 1401, 1402 n.2 (11th Cir. 1984); *Fed. Prescription Serv., Inc. v. American Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980); 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2905 (3d ed. 2020); 20 James W. Moore, *Moore's Federal Practice* § 308App.100 (2020); 12 *Moore's Federal Practice* § 62.03 (2020).

The second step in the reasoning that leads to the proposition that I believe supports the stay request here is the premise that the security that other appellants must generally post to get an automatic stay of a monetary judgment pending appeal may not be demanded from the United States. Congress has provided: "Security for damages or costs shall not be required of the United States, any department or agency thereof or any party acting under the direction of any such department or agency on the issuance of process or the institution or prosecution of any proceeding." 28 U.S.C. § 2408. That principle is reflected in CIT Rule 62(e), which immediately follows the automatic-stay provision of Rule 62(d). CIT Rule 62(e) states: "When an appeal

is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States and the operation or enforcement of the judgment is stayed, no bond, obligation, or other security shall be required from the appellant." That language matches the language of Fed. R. Civ. P. 62(e) as it stood in 2006. The current language of Fed. R. Civ. P. 62(e)—adopted in 2007 as part of the Rules-wide language changes that, according to the 2007 Advisory Committee Notes, were "intended to be stylistic only"—reads: "The court must not require a bond, obligation, or other security from the appellant when granting a stay on an appeal by the United States, its officers, or its agencies or on an appeal directed by a department of the federal government."

The no-required-security language of CIT Rule 62(e), and of its pre-2007 Federal Rules counterpart, is readily understood, as a textual matter, to bear a simple relationship to the automatic-stay language of the preceding subsection on automatic stays. The bond required of appellants generally, as the sole condition of obtaining the stay as of right, must not be required of the federal government to obtain that automatic stay—which is available to the federal government as of right for monetary judgments without a bond. That straightforward relationship between Rule 62(d) and 62(e) reflects the recognized lack of need for security against the government. Rule 62(e) cannot sensibly be read as depriving the federal government, alone among all appellants facing monetary judgments, of the entitlement to an automatic stay of a monetary judgment without further inquiry into the merits and equities unless it posts security that the Rule and 28 U.S.C. § 2804 forbid the court to require. This understanding of the language of CIT Rule 62(e), and of the identical pre-2007 Fed. R. Civ. P. 62(e), is reinforced by the current language of Fed. R. Civ. P. 62(e), which is even clearer in its implication. The new language was included among the revisions that the Rules revisers said made no substantive change of

meaning, but were "stylistic only," thereby confirming how the earlier version should be understood.

The availability to the federal government of an automatic stay pending appeal of a monetary judgment against it, without the posting of security, has often and consistently (if not quite uniformly) been recognized. That conclusion appears to have been reached, in various contexts, by the several circuit courts that have addressed the matter.[3] And the same conclusion has been reached by numerous district courts.[4] *See* Wright & Miller § 2905. As the majority notes, a bankruptcy court reached a different conclusion in 1993, *In re Westwood Plaza Apts., Ltd.*, 150 B.R. 163, 165–67 (Bankr. E.D. Tex. 1993). But that decision is an outlier, and it was not tested on appeal, perhaps because the bankruptcy court in that case granted the government

---

[3]    *See Dixon v. United States*, 900 F.3d 1257, 1267–68 (11th Cir. 2018); *In re Trans World Airlines, Inc.*, 18 F.3d 208, 212 (3d Cir. 1994); *Lightfoot v. Walker*, 797 F.2d 505, 507 (7th Cir. 1986); *see also Hoban v. Washington Metro. Area Transit Auth.*, 841 F.2d 1157, 1159 (D.C. Cir. 1988) (per curiam) (applying D.C. Superior Court Rule 62(d), (e)).

[4]    *See, e.g., United States v. Holland*, No. 13-10082, 2019 WL 8759306, at *2 (E.D. Mich. Feb. 6, 2019); *Resolution Tr. Corp. v. Schuchmann*, No. CIV 93-1024, 2001 WL 37125041, at *3 (D.N.M. June 13, 2001); *In re Mgndichian*, No. CV02-09580, 2003 WL 23358199, at *1–2 (C.D. Cal. Dec. 2, 2003); *In re Capital W. Investors*, 180 B.R. 240, 245 n.15 (N.D. Cal. 1995); *N.Y. State Dep't of Env't Conservation v. U.S. Dep't of Energy*, Nos. Civ. A. 89-CV-194 et al., 1999 WL 1034505, at *1 (N.D.N.Y. Nov. 8, 1999); *League For Coastal Prot. v. Kempthorne*, No. C 05-0991, 2007 WL 1982778, at *1 (N.D. Cal. July 2, 2007); *Rhoads v. F.D.I.C.*, 286 F. Supp. 2d 532, 540 (D. Md. 2003); *In re Rape*, 100 B.R. 288, 288 (W.D.N.C. 1989); *In re Pansier*, 212 B.R. 950, 952–53 (Bankr. E.D. Wis. 1997).

a stay pending appeal without bond anyway, though subject to certain conditions, under the usual four-part stay analysis. *Id.* at 167–68.[5]

I think that the above considerations suffice to support the conclusion that, in a Trade Court case, if the relevant part of the judgment at issue is monetary, the United States is entitled to a stay pending appeal without posting a supersedeas bond or other security and without consideration of the merits or equities. That conclusion is well-grounded in the text of CIT Rule 62, for the reasons indicated. It is also supported in a substantial, highly lopsided body of judicial decisions going back many years under the Federal Rules counterpart to the CIT Rule. Plaintiffs themselves have not contested this legal proposition.

B

Plaintiffs dispute only the application of the proposition to this case. In doing so, they do not dispute that the amount ordered to be paid—the difference between the tariffs they paid and a 25% tariff (plus costs and interest)—is easily and objectively calculated. Their argument, instead, is simply that the portion of the judgment ordering the United States to refund plaintiffs that difference (plus costs and interests) is not a monetary judgment subject to the automatic-stay principle. I disagree. When a judgment contains a provision requiring payment of money, in an

---

[5]    The Bankruptcy Court relied on two district court decisions, neither of which ruled on the merits of a government request for an automatic stay of a monetary judgment without posting a bond. *See United States v. U.S. Fishing Vessel Maylin,* 130 F.R.D. 684 (S.D. Fla. 1990) (staying government seizure of boat); *C.H. Sanders Co., Inc. v. BHAP Housing Development Fund Co., Inc.,* 750 F. Supp. 67 (E.D.N.Y. 1990) (rejecting contention that merely filing a notice of appeal effected a stay of execution of judgment).

amount that is easily and objectively calculated, to compensate for past harms, the part of the judgment requiring the payment is a money judgment subject to the automatic-stay principle—and therefore, when the appellant is the federal government, to an automatic stay without the posting of security.

As the Supreme Court has explained outside the stay context, "[t]he 'substance' of a money judgment is a compelled transfer of money." *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 216 (2002); *see also Bowen v. Massachusetts*, 487 U.S. 879, 915–16 (1988) (Scalia, J., dissenting) ("[T]he line between damages and specific relief must surely be drawn on the basis of the substance of the claim, and not its mere form."). Our court and other circuit courts have similarly focused on a judgment's substance rather than its form when determining whether the judgment is monetary. *See, e.g., ActiveVideo Networks*, 2012 WL 10716768, at *1 ("The form of the order to pay money does not matter; what matters is 'whether the judgment involved is monetary or nonmonetary.'" (quoting *Hebert*, 953 F.2d at 938)); *see also Titan Tire Corp. of Bryan v. United Steel Workers of America, Local 890L*, No. 09-4460, 2010 WL 815557, at *1 (6th Cir. Mar. 10, 2010) ("In other words, the applicability of Rule 62(d) turns on whether the judgment involved is monetary or non-monetary. Here, the district court's judgment binds Titan to pay a specific sum of money, *i.e.*, back wages."). The refund order here in substance compels the United States to transfer money after performing a straightforward calculation to determine the amount.[6]

---

[6]    Plaintiffs' amended complaint reinforces the understanding of the judgment as monetary in the relevant sense. The amended complaint states: "Transpacific estimates that it will pay $4,668,758 as a result of the 50% tariff that is applicable on imports of steel products from

Plaintiffs rely on two Trade Court decisions to support their contention that the refund order is outside the automatic-stay principle. Plaintiffs' Opp. to Stay Motion at 8. But even aside from the fact that those decisions are not binding precedent for us, neither decision justifies a conclusion that the refund order here is outside the automatic-stay principle.

Plaintiffs first rely on *Badger-Powhatan, A Division of Figgie International, Inc. v. United States*, in which the Trade Court's judgment on the merits of the case ordered a "remand[] to the Department of Commerce International Trade Administration for issuance of an amended final determination" with the "estimated antidumping duties be[ing] as closely tailored to actual antidumping duties as is reasonable given data available to [the Department of Commerce] at the time the antidumping order is issued." 633 F. Supp. 1364, 1373 (Ct. Int'l Trade 1986). When the United States sought a stay pending appeal, the Trade Court denied the request, concluding that the judgment was not a monetary one subject to the automatic-stay principle. *Badger-Powhatan, Div. of Figgie Int'l, Inc. v. United States*, 638 F. Supp. 344, 348 (Ct. Int'l Trade 1986). Unlike the judgment at issue in the present matter, however, the relevant part of the judgment in *Badger-Powhatan* did not simply order the government to pay an amount easily and objectively calculated, without further proceedings. Indeed, the Trade Court explained that "the final determination and antidumping duty order will not result in the actual assessment of antidumping duties, rather importers will be required to deposit estimated antidumping duties. The permanent exchange of money will occur only after a

---

Turkey on and after August 13, 2018 and to date has paid . . . $2,874,828.65 as a result of the 50% tariff." *Transpacific Steel*, No. 19-00009, ECF No. 19, Exhibit 3 (Ct. Int'l Trade Apr. 2, 2019).

periodic review of the duty." *Id.* (citation omitted). The simple refund order at issue here is quite different.

Second, in *National Association of Manufacturers v. United States Department of the Treasury*, the Trade Court had before it a trade-association challenge to an agency rule, not individual importers' claims for a refund. 427 F. Supp. 3d 1362, 1366 (Ct. Int'l Trade 2020). The Trade Court judgment declared the illegality of the agency's rule and then "[d]eclare[d] that Defendants must process and pay substitution drawback claims that comply with the governing statutory and regulatory requirements." *Nat'l Ass'n of Manufacturers v. U.S. Dep't of the Treasury*, 432 F. Supp. 3d 1381, 1382 (Ct. Int'l Trade 2020). The Trade Court denied the government's request for a stay pending appeal, but all the court decided was that, under the traditional four-factor analysis, the United States should not be granted a stay beyond a suspension of liquidations pending the appeal. *See Nat'l Ass'n of Manufacturers v. U.S. Dep't of the Treasury*, No. 19-00053, 2020 WL 2519484, at \*1–2 (Ct. Int'l Trade May 15, 2020). The Trade Court in *National Association of Manufacturers* simply never addressed the automatic-stay principle—and it was never asked to: In seeking a stay, the United States did not argue for a stay under the automatic-stay principle for money judgments. *See* No. 19-cv-00053, ECF No. 50 (Ct. Int'l Trade Apr. 17, 2020). The denial of a stay in that case therefore has nothing to say about an automatic stay here.

In sum, I would conclude that the Trade Court's refund order in this case is a monetary judgment for purposes of the automatic-stay principle, thus rejecting the only basis on which plaintiffs challenge the government's request for an automatic stay without a bond. I would therefore grant that request. I respectfully dissent.